RUTH TENNISON, BY HER NEXT FRIEND, DAVID E. PERRYMAN, Defendant in Error, *v.* ARCHIBALD TENNISON *et al.*, Plaintiffs in Error.

1. *Practice, civil — Review, petition for.* — If a defendant is in court, either by summons or voluntary appearance, a petition by him for review (Wagn. Stat. 1054, § 13) will properly be dismissed.

2. *Practice, civil — Appearance — Motion to file answer.* — The appearance of a party and offer to file his answer, in obedience to an order of court, although made out of time, is a technical appearance, amounting to a motion for leave to file the answer. And the motion being overruled, he should except and move to set aside the default, and bring the case to this court by proper steps.

*Error to Washingon Circuit Court.*

*Reynolds & Relfe,* for Arnold, defendant in error

The judgment by default having been rendered at the May term, it was irregular to enter up final judgment at that term. So far as Arnold was concerned, this May term was the return term; he should have been allowed until the next term to come in with his defense, and it was error to render a final judgment against him at that term. (Doan v. Holly, 26 Mo. 187; Lawther v. Agee, 34 Mo. 372; Lombard v. Clark, 33 Mo. 308; Hopkins v. McGee, 33 Mo. 312.) The offer by defendant Ar-

nold to appear and file answer was no appearance; nor was he ever served with process, nor was he made a party as representative of one who had been served. (Wagn. Stat. 1054, § 13; Campbell v. Garton, 29 Mo. 343; Stewart *et al.* v. Stringer *et al.*, 41 Mo. 403; Downing. v. Still, Adm'r, etc., 43 Mo. 315; Harbor v. Pacific R.R. Co., 32 Mo. 426; see also Smith's Adm'r v. Rollins, 25 Mo. 408.) Error lies from the action of the lower courts on motions made after judgments, and on judgments on motions. (Parker v. Hannibal & St. Jo. R.R. Co., 44 Mo. 419.)

*L. F. Dinning*, for defendant in error.

I. Arnold had voluntarily appeared to the suit, and if the Circuit Court committed error in entering up a default against him, his remedy was to move to set aside the default or interlocutory judgment and sue out his exceptions. (Campbell v. Garton, 29 Mo. 343.)

II. It was not error to render a final judgment at same term of court. (Wagn. Stat. 1053, §§ 10, 11.) The law is now, if a defendant is in default you may take final judgment at same term at which you take the interlocutory judgment. The law was otherwise up to 1864. (See R. C. 1855, p. 1280, § 10.)

BLISS, Judge, delivered the opinion of the court.

After a previous judgment of the Circuit Court had been affirmed by this court (46 Mo. 77), the present plaintiff in error, J. R. Arnold, presented to the Circuit Court a petition for review under section 13, chapter 171, Gen. Stat. (Wagn. Stat. 1054) claiming that he had not been summoned and had not appeared to the suit; and, upon hearing, the petition was dismissed.

No evidence was offered, except in regard to Arnold's appearance at the former trial; and if he was in court, either by summons or had voluntarily appeared, his petition, without regard to the merits of his case, was properly dismissed. (See statute, *supra*, and Campbell v. Garton, 29 Mo. 343.)

It is admitted that Arnold was not summoned, but the record shows that on motion he was made a party and allowed to file

answer by a given time. This of itself is no evidence of appearance, for it is not shown upon whose motion the order was made. But the record further shows that said Arnold offered to file his answer, but was not permitted to do so, and in entering a default against him the reason assigned was that he had not complied with the ruling of the court in regard to presenting his answer.

The appearance of Arnold and offer to file his answer in obedience to the order of the court, was a technical appearance, a motion for leave to file, which was overruled, and to which action he might have excepted. He should then, before the cause was appealed and judgment affirmed, have moved to set aside the default if the motion was overruled, and taken advantage of the action of the court.

The discretion of the court in the matter seems, as far as the record discloses the facts, to have been very sharply if not unsoundly exercised; but sufficient reasons for it might have been shown if the motion to set aside had been then considered. At any rate, Arnold, who was himself an attorney and was well advised of his rights and liabilities, chose to let the matter sleep. He seems to have waited to see whether the final judgment would be affirmed, and now seeks to obtain a new trial in spite of the affirmance.

The other judges concurring, the judgment will be affirmed.