Levi T. Hyatt, Plaintiff in Error, v. G. C. Wolfe, Defendant in Error.

### Kansas City Court of Appeals, May 10, 1886.

1. Judgments—Petition for Review—Section 3684 Construed—Case Adjudged.—The statute (sect. 3684, Rev. Stat.), providing for a petition for review, and setting aside judgment upon good cause shown, has no application to the facts of this case. It pertains to the instance of interlocutory judgments, rendered on *constructive* service, where there has been no *appearance*. The word "not," as it appeared in the corresponding section of the statute of 1855 (Rev. Stat., 1855, sect. 13, p. 1280), immediately preceding the words "have been summoned," is omitted, through a clerical mistake, in the statute of 1879. Section 3687, of this same statute, clearly shows the correctness of this view. The petition, in this case, assails the judgment on none of the grounds contemplated by said statute, but is predicated of *fraud* alleged against defendant, and is a proceeding in equity for the undoing of a judgment, alleged to have been obtained contrary to good morals and conscience, and affected with fraud in its procurement. .

2. —— Statute of Limitations in Cases of Fraud.—To such an action, as in this case, the statute of limitations would not begin to run until discovery "by the aggrieved party, at any time within ten years, of the facts constituting the fraud;" and the party would have five years thereafter in which to bring his action, provided he made the discovery within the ten years. Rev. Stat., sect. 3230.

3. Equity—Jurisdiction and Office of.—It is among the recognized offices of courts of equity "to interfere and restrain the use of an advantage gained in a court of ordinary jurisdiction, which must necessarily make that court an instrument of injustice, in all cases where such advantage has been gained by the fraud, accident, or mistake of the opposing party." Wells' Res Adj. 428.

ON MOTION FOR RE-HEARING.

4. Abstract of Record.—As to matters of record, this court looks alone to the abstract of the record for its guidance.

Error to Johnson Circuit Court, Hon. Noah M. Givan, Judge.

*Reversed and remanded with directions.*

*Motion for re-hearing overruled.*

Statement of case.

This is an action, in the nature of a bill in equity, to vacate certain entries, in the form of judgments, made by the circuit court of Johnson county.

The undisputed facts, as alleged in the petition, and established at the trial, are, that at the February term, 1877, of said court, the plaintiff recovered judgment against the defendant, founded on a promissory note, for the sum of $439.36. After said term, in vacation, the defendant filed his petition with the clerk to have said judgment reviewed on the ground of misconduct of the trial judge in rendering said judgment. At the return term thereafter, on motion of defendant, an execution issued on said judgment, in favor of plaintiff, was stayed until the determination of said bill of review. There was also pending at this time, in said court, an action in favor of defendant Wolfe against plaintiff Hyatt, based on an account alleged to be owing from Hyatt to Wolfe.

During the pendency of these several actions, the parties agreed upon a submission to arbitration, in writing, as follows :

"Know all men by these presents, that we, Levi T. Hyatt, and G. C. Wolfe, of Columbus, Johnson county, Missouri, do hereby promise and agree to and with each other, to submit, and do hereby submit, all questions and claims which may have accrued during the co-partnership of Hyatt and Wolfe, or L. T. Hyatt, or before or since said co-partnership between us, and all matters in controversy, that might be made an action at law, to the arbitrament and determination of James R. Warren, arbitrator, whose decision and award shall be final, binding and conclusive on us. And in addition

thereto, we hereby agree to stay all actions, awards or judgments that may have been rendered against either of us, whether by arbitrament or at law, the same to conform to the award that may be rendered in accordance with the above submission. In testimony whereof, we hereby subscribe our seals, this twenty-second day of September, 1877."

The arbitrator made an award, declaring, *inter alia*, that it should operate as a discharge and satisfaction of said judgment, and as a dismissal of said suits between plaintiff and defendant, and providing for costs, etc., therein.

Afterwards, at the February term, 1878, of said court, the following entries were made of record in said pending suits:

"No. 28.

"G. C. WOLFE, Plaintiff,
   v.
"L. T. HYATT, Defendant.

"Now comes the parties aforesaid, by their respective attorneys, and by consent and agreement, this cause is dismissed in accordance with the award of the arbitrator filed herein; that is to say: (then follows in full the award). It is, therefore, ordered, and adjudged, and decreed by the court that this cause be dismissed; that said defendant go hence," etc.

"No. 62.

"G. C. WOLFE, Plaintiff,  } Petition to set aside judg-
   v.      } ment.
"L. T. HYATT, Defendant. }

"Now comes the parties aforesaid, by their respective attorneys, and by consent and agreement this cause is dismissed at the cost of said plaintiff, and in accordance with the award of J. L. Warren, arbitrator, as set forth in the preceding case, No. 28, of *G. C. Wolfe v. L. T. Hyatt.*

"It is therefore ordered and adjudged by the court
VOL. XXII—13

that this cause be dismissed ; that said defendant go hence without day, and recover of plaintiff his costs expended herein, and have, thereof, execution."

After this Wolfe brought action against Hyatt, on said award, which went to the supreme court on appeal, and the award was pronounced, by the opinion and judgment of the supreme court, to be a nullity, and of no force or effect. 76 Mo. 156.

The petition in the case at bar, after setting out the facts of record, charges that said entries were false, and fraudulently obtained by defendant ; that plaintiff did not so appear, in person, or by attorney, and agree and consent thereto ; and that the fact of such entries having been made first came to his knowledge in October, 1883. The petition alleges that, by reason of the premises, the defendant asserts and maintains that plaintiff is estopped and concluded from enforcing his said judgment against defendant for the recovery of said debt of $439.36.

The evidence further adduced at the trial will sufficiently appear in the opinion of the court.

The trial court found for defendant, and dismissed the petition. Plaintiff prosecutes this writ of error.

Samuel P. Sparks, for the plaintiff in error.

I.   The recitals in the judgment sought to be set aside in this proceeding, although false, were not open to collateral attack, but will be vacated upon a proper proceeding. *Bernecker v. Miller*, 44 Mo. 102 ; *Delworth v. Rice*, 48 Mo. 124; *Johnson v. Beazley*, 65 Mo. 250 ; *Childs v. Shannon*, 16 Mo. 331.

II.   This proceeding, whether viewed as in the nature of a writ of *error coram nobis*, or as a bill in equity, is not affected by the limitation of three years fixed by sections 3684-5-6, Revised Statutes ; for the relief sought does not fall within the purview of these sections. *Marx v. Fore*, 51 Mo. 69 ; *Rogers v. Given*, 21 Iowa, 58.

III.   Courts of equity have always entertained jurisdiction to open, set aside and vacate judgments at

law, obtained by fraud, or some grievous hardship not relievable at law. Freeman on Judg. (3 Ed.) sect. 489 ; *Sumner v. Whitney*, 1 Mo. 708; *Reed v. Hansard*, 37 Mo. 199 ; *Smith v. Sims*, 77 Mo. 269.

IV. By the judgment of the supreme court, to which the suit brought by Wolfe against Hyatt on the *award* was appealed, the award was adjudged to be *null and void*, and with it fell all the proceedings had by virtue of it, and *but for the false recitals in the entries* herein sought to be set aside, the parties stood just as if there had been no arbitration. *Wolfe v. Hyatt*, 76 Mo. 156.

V. Plaintiff had five years, after the discovery of the fraud within ten years, in which to bring his action. Sect. 3230, Rev. Stat.; *Babb v. Woodward*, 50 Mo. 103 ; *Ibid*, 445. .

VI. There was no evidence to uphold the finding and decree. This court ought and will, to ascertain this, review the testimony. *Craig v. Smith*, 65 Mo. 536.

O. L. HOUTS, for the defendant in error.

I. The petition does not state facts sufficient to authorize the relief prayed, or any relief. *Smith v. Sims*, 77 Mo. 269 ; *Carolus v. Koch*, 72 Mo. 645; *Duncan v. Gibson*, 45 Mo. 352.

II. This is a proceeding to set aside a final judgment, and cannot be maintained because it was not commenced within *three* years from the time said judgments were rendered. Sect. 3686, Rev. Stat.; *Craig v. Smith*, 65 Mo. 536. The action was commenced more than *five* years after the judgments assailed were rendered, and such delay and laches would be a bar to the equitable relief sought, independently of the statute. The failure to "discover" will not avail plaintiff; the judgments were made and entered in open court, in actions to which he had appeared as a party, and he is *conclusively* presumed to have known when they were rendered and what they were. Having had a plain legal .

remedy he is not entitled to equitable relief.    Sect. 3704,. Rev. Stat.

III.    "A party will not be aided, after a trial at law,. unless he can impeach the justice of the verdict on grounds of which he could not have availed him- self, or was prevented by fraud or accident, or the act of the opposite party unmixed with negligence or fault on his part."    No misconduct of defendant is set up, or relied upon.    *Ritters v. Press Co.*, 68 Mo. 458.

IV.    This court will defer to the finding of the trial court, unless it has manifestly disregarded the evidence. *Springer v. Kleinsorge*, 83 Mo. 152;  *Snell v. Harrison*, 83 Mo. 651;  76 Mo. 537.

V.    As the plaintiff in error in this case has not set out in his abstract all the evidence, he cannot expect this court to go into the abstract, or reverse the judgment upon the question of the weight of the evidence.

PHILIPS, P. J.—I.    It is to be inferred from the strenuousness with which defendant's counsel urge the point that the trial court may have placed its conclusion upon the ground that this action was barred by the three years' limitation prescribed in section 3636, Revised Stat- utes, which declares that:  "If such petition for review be not filed within three years after such final judgment is rendered, the same shall stand absolute, whether notice thereof be given or not."

This refers to the proceeding provided for in section 3684, of the same statute, which is as follows :  "When such interlocutory judgment shall be made, and a final judgment entered thereon against any defendant who shall (not) have been summoned, as required by this. article, or who shall not have appeared to the suit, etc., such final judgment may be set aside, if the defendant shall, within the time hereinafter limited, appear, and, by petition for review, show good cause for setting aside such judgment."

This statute has no application to the facts of this

case, and to this character of action.    It pertains to the instance of interlocutory judgments, rendered on constructive service, where there has been no appearance. *Campbell v. Garton*, 29 Mo. 344 ; *Tennison v. Tennison*, 49 Mo. 110.    The word " not," as it appeared in the corresponding section of the statute of 1855 (sect. 13, p. 1280), immediately preceding the words " have been summoned," is omitted, through a clerical mistake, in the statute of 1879.    Otherwise the statute would be that a defendant who had been regularly summoned with personal service, by failing to appear, and letting judgment go by default, could come in three years thereafter, and get a trial on the merits by simply averring in his petition for review that he had been summoned, and had a meritorious defence to the action.    This would be a most easy and cunning mode of securing delay by delinquent debtors.

Section 3687, of this same statute, clearly shows the correctness of the above view.

There was no interlocutory judgment in this case. On the contrary, the record sought to be set aside shows that plaintiff appeared and consented to the judgment.

The petition in this case assails the judgment on none of the grounds contemplated by said statute.    It is predicated of the fraud, alleged to have been perpetrated by defendant in procuring the false recitals in the entries. It is essentially a proceeding on the equity side of the court, and invokes that especial branch of equity jurisprudence, which constitutes its " most ancient foundation"—the undoing of judgments of courts of record, obtained contrary to good morals and conscience, and affected with fraud in their procurement.    *Holden v. Vaughn*, 64 Mo. 588 ; *Purdy et al. v. Gault et al.*, 19 Mo. App. 191.

To such an action the statute of limitation would not begin to run until discovery " by the aggrieved party, at any time within ten years after the facts constituting the fraud ;" and the party would have five

years thereafter in which to bring his action, provided he brought it within the ten years.   Sect. 3230, Revised Statutes ; *Hunter v. Hunter*, 50 Mo. 445 ; *Brown v. Rogers*, 61 Mo. 188.

As the alleged fraud was not discovered until October, 1883, and the action was brought in 1884, and within ten years, it is not barred.

II.  In addition to the record evidence, the only witnesses who testified on the trial, in reference to the circumstances and facts of the entries in question, were the plaintiff, and Henry Neill, who had been his attorney, and S. T. White, who was defendant's attorney in the transaction.  The plaintiff testified as follows : "I was not here nor present when these entries were made.  No one represented me at that time.  Afterwards agreed to arbitrate.  Had no attorneys until I was sued on the award."  Cross-examined : "I remember that Major Henry Neill sent me word about this bill of review ; think it was after we had agreed to arbitrate. In February, 1878, I had no attorney employed.  I had had Major Neill, but had paid him off and discharged him.  My recollection is not indistinct.  I fought this award from the time it was made, through this court to the supreme court.  I told the arbitrator, at the time he made it, I would not abide by it.  The word I sent to Neill is, we had agreed to arbitrate it.  I did not appear, nor did I authorize any one to do so for me, to prevent a stay of execution on my judgment.  The first time I knew that these entries now in controversy had been made, was when I was here in court, in October, 1883, trying to get an execution on my judgment.  They were then called to my attention."

Neill's testimony showed that he was not the attorney of plaintiff at the time of the entries.  White applied to him and wanted him to appear for Hyatt, and to consent to the entries.  He did not consent.  He did not appear for Hyatt because he considered that Hyatt had arbitrated without his knowledge, and he would have

nothing further to do with the matter. He told the court that White might have made any entries he saw fit. He had nothing to do with it; Hyatt was not present. "No one else pretended to represent him."

The statement was made in the hearing of the court that Mr. White might have made any entries he saw fit, should rather have put the court on its guard against any *ex parte* entry White might make, than to warrant the entry of consent.

The evidence of White is immaterial. He testified that: "I don't remember now who appeared for Hyatt. Don't know whether it was made on award or not. My impression is it was made by consent. Don't think I prepared decree. I can't tell anything more about how these entries come to be made than the records show. Don't know whether I went to Major Neill and asked him to consent and he refused, or not."

The conclusion from this evidence is irresistible that plaintiff did not appear, and that he did not consent to these entries.

Then this record is false in fact. In its legal essence it is fraudulent.

It is among the recognized offices of courts of equity "to interfere and restrain the use of an advantage gained in a court of ordinary jurisdiction, which must necessarily make that court an instrument of injustice, in all cases where such advantage has been gained by the fraud, accident, or mistake of the opposing party." Wells Res Adj. 428; *Pierce v. Olney*, 20 Conn. 554; *U. S. v. Throckmorton*, 98 U. S. 65–6 ; *Cal. Beech Sug. Co. v. Porter*, Sup. Crt. Cal 9 West Coast Rep. 195 ; 9 Pac. Rep. 313.

III. It is no answer to this action to say, as suggested by defendant's counsel, that the plaintiff is presumed, after having been served with summons in the suits, to have been present in court at the time the entries were made. He had not only not appeared to the merits, but by the express stipulation of the parties

in the submission for arbitration, the proceedings were to be stayed, to abide the issue of the arbitration. The result of that arbitration, under the decision of the supreme court, was a failure. It was a nullity. The submission did not provide for any judgment of the circuit court on the award to be made. The award had no place in the circuit court, except as it might have been brought into the pending actions as evidence, if pleaded properly. But, by reason of the false entries, showing plaintiff's consent thereto, he is made to recognize the existence and validity of the award; whereby, so long as these entries of record stand, he would be estopped of record from asserting his rights to enforce his judgment for the collection of the $439.36.

By the entries the court is made the instrument of injustice, and the party occasioning them obtains an unconscionable advantage, which a court of equity will eagerly interpose to prevent.

As the arbitration failed, and the award is void, it is but just and honest that the parties, so far as the rules of law and equity will permit, should be placed *in statu quo*. To this end the judgment of the circuit court is reversed; and the cause is remanded, with direction to the circuit court to enter the proper decree setting aside and annulling said entries or judgments, in accordance with the prayers of the petition. All concur.

### ON MOTION FOR RE-HEARING.

Per Curiam.—Defendant asks for a re-hearing on the ground that the court, in its opinion herein, inadvertently overlooked some controlling facts.

I. It is claimed that the opinion overlooked the fact that Hyatt appeared to the bill of review filed by Wolfe on the twenty-fifth day of May, 1877. If Hyatt appeared to that bill of review the record before us shows no such fact. Counsel should understand, once for all, that this court looks alone to the abstract of

the record for its guidance. This record does not so much as show that any process ever issued, or was served in that action on Hyatt. Neill testified that he sent word to Hyatt that the bill of review had been filed. Hyatt testified: "I remember that Maj. Neill sent word about this bill of review; think it was after we had agreed to arbitrate." If the record showed an appearance by Hyatt, or any legal notice was given him of the pendency of that suit, the defendant in error should have seen to it that the abstract contained the fact.

II. It is further contended in the motion for rehearing that, by the terms of the arbitration, all proceedings in court were to be stayed only until the award was made, and that when the award was made, by force of the terms of submission, the actions pending in court stood at issue, or for disposal, and, therefore, Hyatt must be presumed to have been in court.

This assumption is incorrect in fact and in law. The submission provided for the stay of all actions, "the same to conform to the award that may be made in accordance with the above submission." The stay of proceeding in court was indefinite. Without such provision in the submission the agreement to arbitrate would have operated as a discontinuance of the action in court. *Bowen v. Lazaler et al.*, 33 Mo. 386. By the terms of the submission, it was only provided that these actions should conform to the award. As stated in the opinion, the submission did not provide for any judgment of the circuit court on the award to be made. The award, therefore, had no place in the court, except as it might be interposed by proper pleading. The circuit court could not take judicial cognizance of it until brought to its attention in the appropriate proceeding. That award being a nullity in law, as held by the supreme court, it had no virtue for any purpose; and, therefore, it could not have properly been made the foundation for

the entries made on the record, in the cases involved in this controversy.

III.    It is claimed that the court in its opinion overlooked the fact that the circuit court found against Hyatt on the issue as to when he discovered the alleged fraud in making the false entries. We assumed that the circuit court did not find that Hyatt had the notice prior to 1883 ; because there was no evidence whatever before the court, outside of the record entries, to warrant any such finding. Hyatt testified directly that he never knew of the entries until 1883, when he went to sue out execution on his judgment. There was no contradiction of this statement. While this court will greatly defer, even in equity cases, to the finding of the chancellor on disputed questions of fact, we cannot, and ought not, to follow its conclusions when wholly unsupported by any evidence.

IV.    We are further asked, at least, to modify the order of this court in remanding the cause with special directions. On mature consideration we fail to discover any ground for such modification.

The proceedings under the arbitration failed because the parties and the arbitrator did not follow the law in conducting it. For that reason the award was abortive. The defendant is seeking, against equity, to gain an advantage over his antagonist by reason of that award. As it presents no legal barrier, with what justice, or claim to judicial favor, does he ask to uphold decrees based on it, and under *ex parte* entries ? The motion for re-hearing is overruled.