L. H. Rumsey Manufacturing Company, Respondent,
v. James Baker *et al.*, Appellants.

### St. Louis Court of Appeals, April 2, 1889.

1. **Judgment**: SERVICE OF PROCESS. When the sheriff's return upon process shows that the defendant was regularly served, this is conclusive upon the defendant, and he cannot, in an attack upon the judgment following, introduce evidence for the purpose of showing that the return is untrue.

2. **Judgment**: MOTION TO SET ASIDE. Upon a motion made at a subsequent term to set aside a judgment enforcing a mechanic's lien, evidence, intended to show that the materials in controversy were not furnished for, or used in, the building, is properly excluded.

3. **Judgment**: LAPSE OF TERM. It is only in cases where the invalidity of a judgment is to be shown by matter *dehors* the record, or where the irregularity appears by the record itself, that a judg-can be attacked after lapse of the term, even in a direct proceeding between the original parties, by motion, petition for review, or writ of error *coram nobis*.

4. **Judgment**: CORRECTION NUNC PRO TUNC. Where, through inadvertence, the entry of a judgment included a defendant who had not been served, and as to whom there had been a previous dismissal, the irregularity may be corrected by an entry *nunc pro tunc* at a subsequent term ; and the corrected judgment, thus entered, is not to be treated as a new judgment, but as relating back to the date of its original rendition.

5. **Mechanic's Lien**: NOTICE OF INTENTION. The question, whether the plaintiff in a mechanic's lien proceeding first duly notified the defendant of his intention to file a lien, involves no question of jurisdiction to hear and determine the cause, but is only one of evidentiary fact in aid of the plaintiff's right to recover. Such a notice is not is any sense *process ;* and if there is any failure or error concerning it, the corrective must be applied on appeal or writ or error, and not in an application to set aside the judgment for defect of service or want of jurisdiction. .

*Appeal from the Greene Circuit Court.*—Hon. W. D.
Hubbard, Judge.

Affirmed.

*Lee & Ellis*, for the appellants.

The appellants' motion to set aside judgment and for leave to answer was a direct proceeding between the original parties in the suit, attacking the judgment as being either void or voidable. *State ex rel. v. Heinrich*, 14 Mo. App. 146. This motion or petition ( for it may serve the purpose of both, *Ib*. 149) was filed within six months after the judgment and at the following term of court. Such proceedings may be in either of the three following methods : (1) A motion or petition in the nature of a writ of error *coram nobis*, which lies against an error of fact that does not appear on the record, as when no service is had on defendant, though the record so states. *Latshaw v. McNees*, 50 Mo. 381; *Ex parte Gray*, 77 Mo. 160 ; *Ex parte Toney*, 11 Mo. 661 ; *Ferguson v. Crawford*, 70 N. Y. 253. (2) Under sections 3684-6-7, Revised Statutes, 628, whenever a defendant is not summoned or makes default, and final judgment is rendered against him, he may, by his petition for review, setting forth his defense and verified by his affidavit, show good cause for setting aside such judgment, provided it is done within three years, and provided also the plaintiff had notice of such petition. The appellants were not, as we offered to show on the hearing of our motion, served with summons, nor did they appear. Under section 3727, Revised Statutes, 634, which provides, "Judgments in any court of record shall not be set aside for irregularity on motion, unless such motion be made within three years after the term at which such judgment was rendered." These irregularities are such as appear on the face of the proceedings. *Latshaw v. McNees*, *supra ;* *Powell v. Gott*, 13 Mo. 459. The appellants had the right in this proceeding to prove that there was no service of summons on them, and hence they had no day in court. While there has been much discussion and conflict of opinion

about a collateral attack against a judgment because in fact there was no service while the sheriff returned service ; there never has been a question as to the right of the defendant in such case to assail the judgment directly, by any of the different known methods. Freeman on Judg. (3 Ed.) secs. 131-134, note ; *Ferguson v. Crawford*, 70 N. Y. 253 ; *State ex rel. v. Heinrich*, 14 Mo. App. 146 ; *Brawley v. Ranney*, 67 Mo. 280-3. Personal service of notice of intention to file mechanic's lien, upon the owner of land, is required by the statute, and is jurisdictional. R. S., sec. 3190, p. 536. The service of this notice on the appellant James Baker, as affirmatively appears by the original notice and constable's return filed by the plaintiff as an exhibit with the petition, was only by leaving a copy with a member of his family at his usual place of abode. This court has held such service insufficient and fatal. *Ryan v. Kelly*, 9 Mo. App. 396. The judgment against Mathews ( who was not served) was erroneous against all the defendants though served, and gave those who were served the right to attack said judgment by direct proceeding and have the same set aside because Mathews was improperly included. In case of a joint judgment where only one defendant was served the judgment is void as to another not served, but erroneous as to the one served, who may set the same aside in any direct proceeding. *Lennox v. Clark*, 52 Mo. 115. A general judgment against all the defendants, where only two were served with process, is erroneous as to all and may be taken advantage of in a direct proceeding by those who were served. *Holt County v. Harmon*, 59 Mo. 165 ; *Holden v. Towner*, 81 Mo. 360-66.

*Adiel Sherwood*, for the respondent.

The return of service upon James Baker by leaving a copy of the writ at his usual place of abode with a person over the age of fifteen years was conclusive in

the original suit—*a fortiori* conclusive in this proceeding. *Stale v. O'Neil*, 4 Mo. App. 221; *Decker v. Armstrong*, 87 Mo. 319; *Magrew v. Forster*, 54 Mo. 258; *Hallawell v. Page*, 24 Mo. 590; *Stewart v. Stringer*, 41 Mo. 100; *Jeffries v. Wright*, 51 Mo. 215; *Phillips v. Evans*, 64 Mo. 17; *Delinger v. Higgins*, 26 Mo. 180. The notice of the intention to file a mechanic's lien was personally served upon Maggie C. Baker, one of the owners of the property, and served upon James Baker by leaving a copy at his usual place of abode, etc. This service is sufficient. The presumption is that James Baker received the notice. *Miller v. Hoffman*, 26 Mo. App. 199. The fact that final judgment was also entered against Charles Mathews, who was not served, at the most would make the judgment erroneous. "Such a judgment must stand as valid against the party notified." 52 Mo. 117. But of this defendant cannot complain, for the judgment was correct by a *nunc pro tunc* entry warranted by the record itself, to-wit: The interlocutory judgment, the judge's docket, the clerk's minute book and the sheriff's return of "not found." "It is not the office or purpose of a *nunc pro tunc* entry to set aside a judgment rendered at a former term; but, as the very words import, to make the record disclose the judgment which the court actually gave." 56 Mo. 306. The defect was properly supplied by entering anew in the proceedings of the November term, 1887, the entire judgment as corrected. 56 Mo. 35. Every presumption is indulged in favor of the court which ordered the amendment. *Allen v. Sales*, 56 Mo. 28; *Robertson v. Neal*, 60 Mo. 579; *Priest v. McMaster*, 52 Mo. 60; *Fletcher v. Combs*, 58 Mo. 430; *Gibson v. Chouteau*, 45 Mo. 171; *Horstkotte v. Meiner*, 50 Mo. 158. The service upon James Baker of the notice of the intention to file was sufficient. *Miller v. Hoffman*, 26 Mo. App. 199. A judgment or decree of a court of competent jurisdiction is conclusive wherever the same matter is again

brought in controversy between the same parties or privies, and the mechanic's lien law is no exception to this rule so reasonable and just. *Hopkins v. Lea*, 6 Wheat. 109 ; *McCoy v. Quick*, 30 Wis. 521 ; *Picot v. Signiago*, 27 Mo. 125.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff, a sub-contractor, instituted its suit in the Greene county circuit court in October, 1886, for the purpose of subjecting the property of the defend- ants to a mechanic's lien, and obtained judgment in July, 1887, against Mathews and Baker, the principal contractors, for the debt, and also a judgment of lien against the defendants' property. This was at the May term of said court.

On November 11, 1887, such day being at a succeed- ing term of said court, the defendants appeared and filed their motion to set aside this judgment and the execution issued thereon, alleging that the judgment was irregular, illegal and void, for that the said defend- ants and Mathews had never been summoned to appear therein, nor did either appear, or authorize any one to appear for them therein, and that the defendants had a meritorious defense to plaintiff's action, which they had no opportunity to establish. The motion was verified by oath.

Upon a hearing of this motion the defendants offered testimony to show that no summons was ever served upon them or either of them, and also that the materials sued for were not sold by plaintiff to the contractors for the purpose of being used in the defendants' building, or any particular building, but merely as articles of merchandise. This evidence was ruled out by the court upon plaintiff's objection. It appearing by the sheriff's return that the defendant Mathews had never been served,

the court amended the judgment entry of July, 1887, so as to vacate the judgment against Mathews, and over-ruled the defendant's motion to set aside the judgment and execution.

The defendant, James Baker, one of the owners of the property appealing, assigns for error these rulings of the trial court upon the motion.

It is claimed that appellants' motion to set aside the judgment, and for leave to answer, was a direct pro-ceeding between the original parties to the suit, attack-ing the judgment as being either void or voidable. Conceding all this we see no error in the ruling of the court.

The sheriff's return, which is alleged to be untrue, is in the following words: "Executed the within writ in Green county, Missouri, on the sixteenth day of October, 1886, by delivering a certified copy of the original petition, and a copy of this writ to Maggie C. Baker, she being first served, and a copy of this writ to a member of the family above the age of fifteen years old of James Baker, and at the usual place of abode of said James Baker." That return is part of the record, and is on elementary principles conclusive on Maggie C. and James Baker, the defendants purporting to have been thus served. *Hallowell v. Page*, 24 Mo 590 ; *Decker v. Armstrong*, 87 Mo. 316, 319, and cas. cit.; *State v. O'Neill*, 4 Mo. App. 222.    It is only in cases where the invalidity of the proceeding is attempted to be shown by matter *dehors* the record, or where the irregularity appears by the record itself, that the judgment can be attacked after lapse of the term, even in a direct pro-ceeding between the original parties, by motion, petition for review, or writ of error *coram nobis*.    Thus in *Ex parte Toney*, 11 Mo. 661, it was shown that the party sentenced to the penitentiary was a slave.    In *Ex parte Gray*, 77 Mo. 160, that he was a minor under the age of eighteen years.    In *Latham v. McNees*, 50 Mo. 384,

that a judgment had been recovered against a married woman without joining with her husband, as the statute required, and in *Randolph v. Sloan*, 58 Mo. 155, that the appearance of counsel was unauthorized, and that there was neither summons nor service in the case.

It would be a strange anomaly in the law, if parties would be permitted to urge, in defeasance of a judgment rendered, reasons which could have no potency whatever in preventing its rendition.

The defendants' counsel seem to take the view, that under the statute and the construction put upon it by the courts, one may move for a review at a subsequent term even if he has been summoned to appear provided he did not appear, nor any one for him, and an interlocutory judgment by default has been made final against him. But such is not the law. In *Campbell v. Garton*, 29 Mo. 343, 345, where it seems a similar construction was contended for, the supreme court said : "The record shows that the plaintiff in error, defendant in the ejectment suit, was duly summoned as required by law; and it also shows that he appeared to the action. *But having been summoned was sufficient*, and having failed to answer, his proper course was by motion to set aside the interlocutory judgment."

Under section 3684–6 and 7 of the Revised Statutes a defendant can file his petition for review only in those cases where the record fails to show a valid service of a summons upon him. Those sections as the history of the enactment clearly shows have reference to cases of constructive service only. If the defendants were in court by summons, their motion without regard to its merits was properly dismissed. *Tennison v. Tennison*, 49 Mo. 110. That they were in court by summons conclusively appears by the sheriff's return, the truth of which they cannot controvert.

Nor is it apparent how the fact, that the original judgment entry against Mathews, one of the defendants

admittedly not served with process, was erroneous, can be of any avail to the defendants appealing. The transcript shows that it was disclosed upon the hearing of this motion, and so appeared in the minutes of the clerk that the plaintiff had dismissed its suit against Mathews before entry of final judgment. That entry therefore as far as Mathews was concerned was a mere misprision of the clerk, and the court was fully authorized, even after the lapse of the term, to correct it *nunc pro tunc*, so as to show the true judgment, which the court intended to render, and which in fact it did render, although the clerk made an erroneous entry thereof. *Gibson v. Chouteau's heirs*, 45 Mo. 173 and cas. cit. ; *Priest v. McMaster*, 52 Mo. 60 ; *Allen v. Sales*, 56 Mo. 28.

Nor is the defendant's contention tenable that the correction of the original judgment entry was in effect a vacation of that entry, and, being made after defendants' motion was filed, entitled the defendants to be heard upon the merits. We are referred to no case which has ever so held. Although the correct method as stated in *Allen v. Sales*, *supra*, where a judgment entry is amended *nunc pro tunc*, is to re-enter the correct judgment, yet it is not a new judgment in any sense, but relates back to the date of its original rendition. Hence all evidence which the defendant offered upon the hearing of the motion touching the insufficiency of the notice of lien, and the insufficient verification of the lien claim, was properly ruled out by the court.

All the judges concurring, the judgment is affirmed.

THOMPSON, J., delivered the opinion of the court on motion for rehearing.

The appellants press upon our attention, as a reason for granting them a rehearing, that we have overlooked a point which was their main contention. We have never regarded it as incumbent upon us in writing

opinions, to notice every argumentative point made by counsel. If we were to adopt this practice, the length of the opinions written by us could be largely dictated by counsel, and our reports would be encumbered, much more than they now are, with the discussion of unsubstantial questions.

The proposition which is renewed on this motion for rehearing is, that personal service upon the owner of the land of notice of an intention to file a mechanic's lien, is, under section 3190, Revised Statutes, jurisdictional; that it affirmatively appears by the original notice and constable's return thereon, filed by the plaintiff as an exhibit with the petition and introduced in evidence by the appellants, that it was served upon the appellant, Jas. Baker, by leaving a copy with a member of his family at his usual place of abode. It was held by this court in *Ryan v. Kelly*, 9 Mo. App. 396, that the statute contemplates personal notice, and that such a service of notice is insufficient. The conclusion is therefore drawn by counsel that this defect in the service, appearing in the judgment roll, is not cured by the general statement in the judgment itself that the plaintiff gave this notice to the defendant. To this point counsel cite *Cloud v. Pierce City*, 86 Mo. 357, where the supreme court held that a recital in a judicial record, "that defendants have been duly served with process," may be overturned by another recital in the same record, of equal dignity and of equal verity, showing that the former recital is untrue.

This principle can have no application to the present case. In the first place, this notice, with the constable's return thereon, is no part of the "judgment roll," or record proper. The record proper consists of the process, the return of service thereon, the pleadings, the orders which emanate from the court and are entered of record, including the judgment, interlocutory and final. Exhibits filed with a pleading are not a part

of the pleading itself, and, although the pleading itself is a part of the record proper, the exhibits are no part of such record. There is something incongruous in speaking of a part of a judgment roll as exhibited by a bill of exceptions. But it is only by a bill of exceptions that this constable's return is exhibited, and this is not even a bill of exceptions embodying the evidence adduced at the trial. For aught that appears, there may have been other evidence, showing that the defendant, James Baker, was in fact served with notice within the time prescribed by the statute. In support of the judgment it must be presumed that there was competent evidence ; and if there was, the form and mode of service were not essential, provided the notice was in writing and served at least ten days prior to the filing of the lien claim. *Miller v. Hoffman*, 26 Mo. App. 199.

But if there had been no notice at all it would not affect the case before us. Jurisdiction is the power to decide the matter before the court—to proceed to some sort of judgment. The circuit courts in this state have power to render judgments establishing mechanics' liens. The statute prescribes the mode in which the power shall be exercised. The lien papers, so-called, including this statutory written notice, are merely instruments of evidence in such a proceeding ; and if they do not warrant the court in proceeding to a judgment establishing the lien, the case is not different from any other case where a court proceeds to render a particular judgment upon insufficient evidence. In so doing the court is not acting without jurisdiction in a proper sense, but is committing an error, which can only be corrected by taking a bill of exceptions, by moving for a new trial, and by prosecuting an appeal or writ of error in the proper appellate tribunal. The written notice, required by the statute, of the intention to file a mechanic's lien, is in no sense *process*, such as is necessary to give jurisdiction. It is, in an action of

this kind, a mere *evidentiary instrument*, relevant to the question of lien or no lien, which is an ultimate question of fact, and which, under our practice, is always found by the jury in their verdict, when the case is tried by a jury. After the lapse of the term at which a judgment establishing such a lien has been rendered it cannot be set aside on the theory of irregularity because of a defective service of this notice.

The motion for rehearing will be overruled. All the judges concur.