# FRATERNAL BANKERS OF AMERICA, Appellant, v. DAVID WIRE, Respondent.

### St. Louis Court of Appeals, June 28, 1910.

1. **FRATERNAL BENEFICIARY ASSOCIATIONS: Foreign Company: Service of Process.** Service of process may be made on a fraternal beneficiary association, which has not complied with the statutes so as to permit it to do business in this state, either by serving the Superintendent of Insurance, when he has been designated by the company for that purpose, or any person in the state soliciting or making contracts of insurance in its behalf, or collecting or receiving premiums, or adjusting or settling losses; or as any other foreign corporation doing business as the state may be, by serving an officer or agent in charge of its officers or place of business in this state, or if it has no office or place of business, by serving any officer, agent or employee on whom service may be obtained.

2. **PROCESS: Return of Service: Conclusiveness.** Where the service of summons is valid, the sheriff's return that he delivered a copy of the petition and writ is conclusive between the parties, in the absence of collusion and fraud between plaintiff and the officer who executed the writ.

3. **JUDGMENTS: Default: Bill of Review: Constructive Service.** A bill of review, pursuant to section 777, Revised Statutes 1899, lies to review a judgment given by default, if the service was constructive, in the sense that it was by order of publication and not personal.

4. **——: ——: ——: Will Not Lie, When.** Section 777, Revised Statutes 1899, provides that a defendant against whom a final judgment has gone by default, "who shall not have been summoned as required by this chapter, or who shall not have appeared to the suit," may petition to have the judgment set aside. Section 570 is contained in the same chapter as section 777, and provides that a summons may be executed upon a defendant corporation, organized under the laws of any other state or country and having an office or doing business in this state, by delivering a copy of the writ and petition to any officer or agent of such corporation in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent or employee in any county where such service may be obtained, and when had in conformity with these provisions, such service shall be deemed personal service against such corporation, and authorize the rendition of a

general judgment against it. *Held*, that service on a foreign insurance corporation, which had been served with summons in accordance with the provisions of section 570, was personal service, and that a petition for review of a judgment entered against it by default was not authorized by section 777.

Appeal from Louisiana Common Pleas Court.—*Hon. David H. Eby*, Judge.

AFFIRMED.

*Ball & Sparrow* for appellant.

*John W. Matson* for respondent.

GOODE, J.—Declining to plead further, plaintiff appealed after a general demurrer had been sustained to the following petition:

"Plaintiff for its amended petition, leave of court to file the same being first had and obtained, states that it is a Fraternal Beneficiary Society, incorporated, organized and existing under and by virtue of the laws of the State of Illinois, with its home office at Decatur in said state; that defendant is a resident of Calumet township, Pike county, Missouri.

"Plaintiff further states that on April 21, 1908, defendant instituted in this court a suit against it on a benefit certificate issued February 26, 1900, by the Acme Fraternal Union, then a fraternal beneficiary society incorporated under the laws of the State of Missouri, with its home office at Sedalia, Missouri, to one Annie Wire, then a resident of the State of Missouri, payable on her death to defendant herein, alleging in his petition that since the issuance of said benefit certificate to said Annie Wire, said Acme Fraternal Union had disposed of its business to this plaintiff and that all liability under and by the terms of said benefit certificate so issued to Annie Wire, as aforesaid, by said Acme Fraternal Union, had been assumed by this plaintiff and that by reason thereof, and of the death of said Annie

Wire, the sum of five hundred dollars ($500), with interest thereon, was due him by this plaintiff.

"Plaintiff further states that on April 21, 1908, a summons was issued in said cause by the clerk of this court, directed to this plaintiff, which said summons was delivered to William F. Campbell, sheriff of Pike county, Missouri, and alleged by him to have been executed as follows, as shown by his return thereon, to-wit:

" 'I hereby certify that at the county of Pike, township of Buffalo, State of Missouri, on this 22d day of April, A. D. 1908, in the within named suit, I served process on the within named defendant, The Fraternal Bankers of America Company being the first defendant served herein.

" 'And I further certify, that at said time and at and in the business office of said company, the defendant hereinafter described, I executed said service on said company, by delivering at and in said business office a duly certified copy of the original writ herein, and of the hereto attached copy hereof together with a duly certified copy of the original petition and of the hereto attached copy thereof to Susan Ross, who then was and ever since has been the agent of the said company defendant, a foreign corporation then and ever since having in the city of Louisiana, in the county of Pike and township aforesaid, its said business office where said process was served as aforesaid, that is to say, the business office usually had and maintained by it in the transaction of its usual, ordinary and customary business, with its said agent, Susan Ross, in charge thereof, and in said business office and in charge thereof at the time of said service of said process as aforesaid.

" 'And I further certify, that at the time of said service the president and other chief officers of said company defendant, were absent from my said county and were not found.

" 'In witness whereof, and at the same time and place, I hereto set my hand and official name and signature.

" 'W. F. CAMPBELL,
" 'Sheriff of Pike county, State of Missouri.
" 'By FRED TUMELTY, Deputy.' "

"Plaintiff further states that thereafter, to-wit, on May 29, 1908, and during the regular May term, 1908, of this court, final judgment by default was rendered in said cause in favor of David Wire, defendant herein and against this plaintiff, who was defendant therein, for the sum of five hundred and twenty-two and fifty one-hundredths dollars ($522.50) and execution ordered to issue therefor; said judgment being in words and figures as follows, to-wit:

" 'Now comes the above entitled plaintiff, David Wire, by his attorney, but the Federal Bankers of America, although duly summoned, comes not, but makes default; wherefore, on motion of plaintiff by his attorney, the petition herein is taken as against the defendant as confessed. Therefore plaintiff, by his attorney waives a jury and submits this cause to the court upon the pleadings and proof adduced; and the court, having duly heard and considered the same, finds for the plaintiff and assesses his damages in the sum of five hundred and twenty-two and fifty one-hundredths dollars ($522.-50) and all costs, and it is therefore adjudged and decreed by the court that plaintiff recover of the defendant the said sum of five hundred and twenty-two and fifty one-hundredths dollars ($522.50) with interest from this date, at the rate of six per cent per annum, and all costs, and that the plaintiff have execution therefor against the defendant.'

"Plaintiff further states that neither it, nor any person connected with it in any capacity whatever had or obtained any knowledge of the institution of said suit, or the procurement of said judgment until on or about July 10, 1908; that because thereof it did not

appear at the trial of said cause and make a defense thereto; that said Susan Ross, the colored woman upon whom said William F. Campbell, sheriff of Pike county, Missouri, alleges he served process in said cause, is not, and was not at the time of the alleged service, the agent of this plaintiff, and if process in said suit so instituted by defendant, as aforesaid, was ever served upon her, she failed, neglected and refused to so notify this plaintiff.

"Plaintiff further states that the petition of defendant herein, filed by him as plaintiff in the suit so instituted by him as aforesaid, is absolutely untrue in the statement that this plaintiff assumed any liability whatever arising under the terms and conditions of said benefit certificate issued by said Acme Fraternal Union to said Annie Wire. Plaintiff further states that this plaintiff was not liable to David Wire for any amount whatever under the terms of said benefit certificate, and in the statement that the sum of five hundred dollars, or any other sum, was due him thereunder from it.

"Plaintiff further states that it has a good and meritorious defense to defendant's alleged cause of action in said suit so instituted by him, as aforesaid, and had such defense at the time of the institution thereof and the procurement of said judgment, and would have made such defense had it any notice or information whatever, of the bringing of said suit. That it is ready and willing to prove to the satisfaction of this court if permitted so to do, that it had no notice or information of the bringing of said suit; that said Annie Wire to whom the benefit certificate sued on was issued by the Acme Fraternal Union never was a member of this plaintiff at any time; that no liability whatever attached to plaintiff by reason of the death of said Annie Wire; that said Annie Wire died April 30, 1907, and this plaintiff was not organized or incorporated, and did not begin business until October 1, 1907, that the

sum of five hundred 'dollars was not due defendant under the terms of said benefit certificate sued on and that the death of Annie Wire imposed no liability whatever upon this plaintiff.

"Wherefore this plaintiff prays the court to set aside and vacate said judgment rendered against it and in favor of defendant in said suit so instituted against it as aforesaid; and that it be permitted to answer or demur to the petition therein filed, and on which said judgment was rendered, within such time and on such terms as to the court may seem right and proper, that this plaintiff may have its day in court and an opportunity to defend such action."

Plaintiff takes the position it is entitled to relief under the section of the statutes permitting bills of review and which reads as follows:

"When such interlocutory judgment shall be made and final judgment entered thereon against any defendant who shall not have been summoned as required by this chapter, or who shall not have appeared to the suit, or has been made a party as the representative of one who shall have been summoned or appeared, such final judgment may be set aside, if the defendant shall, within the time hereinafter limited, appear, by petition for review, show good cause for setting aside such judgment." R. S. 1899, sec. 777.

Though plaintiff alleges it is a fraternal beneficial society, it does not allege compliance with the statutes of Missouri so as to permit it to do business in the state nor that it had appointed the Superintendent of Insurance of the state to receive service of process. [R. S. 1899, secs. 1410, 1412.] In truth there is no averment plaintiff had been transacting business in this state, though the return of the sheriff to the summons issued in the case of defendant David Wire against plaintiff, recited it kept an office in Pike county, where it transacted its usual and ordinary business. As regards service of process, plaintiff occupied the position

of any other foreign insurance company, and service of process on such a company may be made, it seems, either by serving the Superintendent of Insurance when he has been designated by the company for that purpose (R. S. 1899, sec. 1412, 7991) or any person in the state soliciting or making contracts of insurance in its behalf, or collecting or receiving premiums, or adjusting or settling losses (sec. 7992); or as any other foreign corporation doing business in the state may be, by serving an officer or agent in charge of its office or place of business in this state, or if it has no office or place of business, by serving any officer, agent or employee, on whom service may be obtained (sec. 570). That service of process on a foreign insurance company in the mode last stated is permissible under our statutes, at least when the company has not designated the Superintendent of Insurance to receive service, was adjudged in Funk v. Anglo-American Ins. Co., 27 Fed. 336.

Having ascertained the service of summons in the case of Wire against plaintiff was valid, the next question is whether the sheriff's return that he had delivered a copy of the petition and writ, is conclusive; and under the decision of the Supreme Court in Smoot v. Judd, 184 Mo. 508, 83 S. W. 481, we must hold it was conclusive between the parties, in the absence of collusion and fraud between defendant Wire, plaintiff in the other action, and the officer who executed the writ. [Regent Realty Co. v. Packing Co., 112 Mo. App. 271, 279, 86 S. W. 880.] Not denying this is the general rule, plaintiff's counsel insist nevertheless they may attack the return of the officer by a petition in the nature of a bill of review filed under authority of section 777 of the statutes, for the reason that the service on plaintiff in the action brought against it by Wire was a constructive service and therefore within the efficacy of that section; that the petition for review will lie where there has been an interlocutory judgment

on constructive service and said judgment has been made final.  Several cases are cited in favor of the proposition that the statute allows bills of review when service on which the judgment by default was given, was constructive and only in such contingency.  [Hyatt v. Wolfe, 22 Mo. App. 191; Rumsey Mfg. Co. v. Baker, 35 Mo. App. 217; State ex rel. v. Smith, 104 Mo. 26, 16 S. W. 415.]  Remarks will be found in the opinions in those cases to the effect that the petition for review under section 777 is allowed when there has been an interlocutory and then a final judgment upon constructive service; and no doubt this is true, if we bear in mind the opinions meant service by order of publication instead of by summons. But counsel for plaintiff say it has been ruled in other decisions that service on the resident agent of a foreign corporation is constructive service, and that therefore when a default judgment has been made final after that mode of service, the corporation is entitled to petition for a review of the proceeding. Perhaps the cases cited on this point speak of service on the resident agent of a foreign corporation as constructive service; but not one of them says this in a connection which imports, much less decides, that such service entitles the corporation to petition against a judgment by default.  The reasoning of counsel on the point is at fault.  They first seek to establish that a service such as is alleged to have been obtained in the case of David Wire against plaintiff is constructive, and next to deduce the conclusion from this fact that section 777 is applicable and the petition for review will lie.  Said section does not say the petition for review lies when the service on which the judgment was given was constructive; though, as we have stated above, if the service was constructive in the sense that it was by order of publication and not personal, the petition lies.  What the section says is, that a defendant against whom a final judgment has gone by default, "who shall not have been summoned as required by this chapter,

or who shall not have appeared to the suit," may petition to have the judgment set aside. Hence the true question to decide is not whether in some technical sense the service of the summons in Wire's case against plaintiff on Susan Ross as agent of plaintiff, and in charge of its office in Pike county, was constructive, but whether or not plaintiff was summoned in said action in the mode provided by the chapter of the statutes containing section 777. Section 570 is contained in the same chapter as section 777 and provides, *inter alia*, a summons may be executed as follows: "Where defendant is a corporation or joint stock company, organized under the laws of any other state or country, and having an office or doing business in this state, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent or employee in any county where such service may be obtained; and when had in conformity with this subdivision, shall be deemed personal service against such corporation, and authorize the rendition of a general judgment against it." It follows from the quoted words the service in the present case was personal service on the defendant company as provided in chapter 8, and that the petition for review in the present case was not authorized by section 777.

The judgment is affirmed. All concur.