Beverly Alice ZBRYK, Respondent,

v.

B. F. GOODRICH COMPANY, a Corporation, Appellant.

No. 23263.

Kansas City Court of Appeals.
Missouri.

March 6, 1961.

Paul C. Sprinkle, Kansas City, for appellant.

Bernard Eveloff, Kansas City, for respondent.

SPERRY, Commissioner.

This is an action to set aside a default judgment obtained by plaintiff-respondent against defendant-appellant. The petition was in two counts, the first count being a "petition for review", based on the Statute; the second count was based on allegations of fraud. The court denied and dismissed both counts. Defendant appeals.

The record discloses that, on Oct. 12, 1959, plaintiff was sitting in her car, parked near the curb and headed north on the east side of Prospect Avenue, a North-South street in Kansas City, Missouri, when defendant's truck proceeding north, collided with the rear end of the automobile causing plaintiff to suffer personal injuries. Her attorney, Mr. Eveloff, notified defendant's agents in writing, and also verbally, of her claim for damages. Defendant's insurer's claim adjuster (who is a licensed attorney) called on Mr. Eveloff and they discussed terms of settlement but, according to Mr. Eveloff's testimony, insurer offered $250 only. Eveloff refused that offer, but stated that he would *recommend* to his client a $750 settlement if insurer would make such an offer. The adjuster stated that $250 was his offer. Mr. Eveloff stated that he answered that it left plaintiff with no choice except to file suit and that the adjuster left, saying that he did not care what he did.

On Nov. 16, 1959, suit was filed seeking $10,000 damages. Personal service was had on defendant's authorized agent. The

legality of the service is not questioned, but defendant's agent stated that he believed the summons and copy of the petition was a copy of correspondence, and was merely for filing, so he filed the papers in the accident files of defendant. Defendant thereafter did nothing about it. Insurer was not notified of the pendency of the suit.

On Dec. 30, 1959, the cause came on for trial as a default case. The record discloses that the trial judge inquired of Mr. Eveloff if personal service had been had and was informed it had been. Thereupon, the judge announced that the cause would be heard as a default case.

Trial was to the Court and plaintiff testified to facts concerning the happening of the collision, as heretofore stated; that she suffered injuries to her neck, aggravating and making worse a previous injury she had received from which she had partially recovered; that she now suffered from headaches and other pains, and stated the extent of the medical care she had received. The Court was also advised, through written statements of plaintiff's medical doctor, of the nature, extent, and probable duration of her injuries and disabilities. The Court rendered judgment for $3,000 and instructed Mr. Eveloff to write defendant of the rendition of the judgment within ten days.

The record discloses that neither defendant nor insurer took any action in the matter. More than 30 days after the judgment was rendered Mr. Eveloff called insurer and inquired when the judgment would be paid. Defendant and insurer say that was the first information that either had of the existence of the judgment.

Mr. Eveloff was sworn at the suggestion of defendant and stated that he notified defendant, in writing, of his employment as attorney; that, after suit was filed and service had, he talked by telephone to one of defendant's agents about the case; that he did not thereafter contact either defendant or its insurer; that, at the time the judgment was rendered, the trial judge requested him to notify defendant of the rendition of the judgment; that he wrote a letter, which he addressed and mailed to defendant at one of its Kansas City stores, on that day, advising defendant of the action taken; that he mailed a copy of same to the trial judge and kept a file copy. He inquired if there was a copy in the Court files and the trial judge stated that there was none but also stated that such letters did not always get into the files. Eveloff produced a copy of a letter which he said was a copy of the letter mentioned and offered to call his secretary to prove that she typed and mailed it but the trial judge announced that it would not be required that the secretary be called.

Defendant produced witnesses from its various stores who testified that no such letter had been found in any of defendant's local store files.

Eveloff admitted that he personally talked with insurer's attorney in this present case. When asked about his responsibility to deal fairly with other attorneys, under the Code of Ethics, he stated that the claim adjuster did not tell him that he was a lawyer and that he did not know that fact.

We have carefully read the record and have set it out as fairly as we can without going into tedious detail. A petition for review in this kind of case is provided for in chapter 511 V.A.M.S. The two applicable sections are as follows:

"511.170. Petition for review, grounds

"When such interlocutory judgment shall be made and final judgment entered thereon against any defendant who shall not have been summoned as required by this chapter, or who shall not have appeared to the suit, or has been made a party as the representative of one who shall have been summoned or appeared, such final judg-

ment may be set aside, if the defendant shall, within the time herein limited, appear, and by petition for review, show good cause for setting aside such judgment. (R.S.1939, § 1247)"

"511.200. Judgment set aside—contents of petition

"No such judgment shall be set aside unless the petition for review shall state the existence of the facts set forth in section 511.170, and that the petition of plaintiff, upon which the judgment complained of was obtained, is untrue in some material matter, setting it forth, or that he has and then had a good defense thereto, setting such defense forth, or both, and then only on condition that the defendant answer or direct a motion to the petition of plaintiff on which the judgment was rendered within a reasonable time, to be ordered by the court. Such petition for review shall be verified by affidavit of the defendant or his attorney of record. (R.S.1939, § 1250. A.1949 H.B. 2119)"

█ A petition for review will not lie where there has been personal service of a copy of the petition and summons by the sheriff, as in the case at bar. Fraternal Bankers of America v. Wire, 150 Mo.App. 89, 95–96–97, 130 S.W. 485; 129 S.W. 765; Force v. Margulius, Mo.App., 33 S.W.2d 1023, 1025; section 511.170 V.A.M.S., note 1 including cases cited; L. H. Rumsey Mfg. Co. v. Baker et al., 35 Mo.App. 217, 223. Therefore, the court properly denied and dismissed Count 1 of the petition.

Defendant's second count is based exclusively on fraud. The record does not disclose that any fraud was practiced prior to the rendition of this judgment. Defendant was notified in writing of the existence of plaintiff's claim for damages. Defendant notified its insurer of the claim and insurer's claim agent, an attorney (although plaintiff's attorney said that he did not know that Mr. Cassel was an attorney) called on plaintiff's attorney and discussed the matter. Plaintiff's attorney said that insurer offered $250 in settlement; that such offer was refused; that plaintiff's attorney suggested that if $750 were offered he would recommend it to his client; that Mr. Cassel stated that $250 was the offer; that Eveloff then stated that he had no choice except to sue; that Cassel said he did not care what he did. Suit was then filed.

Service was had and one of defendant's store managers and agents called and discussed the summons and petition, with Eveloff, understood its import, and was told to take the papers to its insurer. Thereafter, defendant's agents forgot or ignored the whole matter, even failed to notify the insurer.

Defendant cities Jones et al. v. Arnold et al., 359 Mo. 161, 221 S.W.2d 187. There it was held that silence or concealment of facts becomes fraudulent where there is a duty to speak, but that whether there is a duty to speak must be determined on the facts in each particular case. Where, as here, defendant was fully informed of all the facts, including the fact that suit had been filed and that the matter should be referred to its insurer, there remained no material facts which could have been the subject of concealment. Hence, no fraud was committed prior to rendition of the judgment.

The above decision is quite comprehensive on the subject of fraud in the procurement of a judgment as grounds for setting it aside in equity. The fraud must be proved and a judgment will not be vacated merely in order to give a party a second opportunity to be heard on a case.

██ A party seeking a new trial after default judgment must show that his failure to appear was not due to his negligence, that he had a good reason for failing to appear, and that he had a meritorious cause of action or defense. Williams et al. v. Barr et al., Mo.App., 61 S.W.2d 420, 421.

None of the above requirements are met anywhere in the petition filed in this case.

The judgment denying and dismissing both counts of the petition is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.