ROSENBERGER, Appellant, v. GIBSON et al.

### Division One, November 19, 1901,

1. **Summons: SERVICE: WITH MEMBER OF FAMILY.** A judgment by default rendered on a service of summons in which the officer states that he executed the same "by leaving a true copy of the within writ and petition as furnished by the clerk with a member of defendant's family over fifteen years of age," etc., is null and void, since the service omits the words "at his usual place of abode."

2. **Stipulation as to Invalid Judgment: ESTOPPEL.** Under a judgment by default against defendants' father, invalid because of defective service, the land in controversy, which was deeded to defendants' mother, was sold and bought by plaintiff, who thereupon brought this suit against the husband and wife to have the title vested in him, but both husband and wife dying before judgment, the suit was revived against defendants, who by their answer maintained the validity of their mother's title, that they were her devisees and that the judgment was void, and thereupon the plaintiff set up by reply, in the nature of an estoppel, that before the death of the original defendants it had been stipulated by the attorneys in the case that "a judgment was rendered in the circuit court....in favor of plaintiff herein......against" the father......and "that the legal title to the real estate in controversy was at the time of the rendition of said judgment and at the time plaintiff bought the right, title, and interest of said" father in said real estate, in his wife. *Held, first,* that, the claim of these defendants being based on their mother's title and being therefore antagonistic to their father and the plaintiff claiming under him, they are not estopped by any agreement he may have made with plaintiff in regard thereto; *second,* they are not estopped by the stipulation from showing the judgment therein referred to was void, nothing therein being said as to its validity; *third,* the court did not err in permitting the defendants to withdraw the ·stipulation and introduce the whole record in evidence, which showed the true character of the judgment.

Appeal from Montgomery Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.

*H. W. Johnson* and *Emil P. Rosenberger* for appellant.

(1)   Where a party employs an attorney to prosecute or defend his suit, he presents him to the opposite party and to the world as his accredited agent and is concluded by his acts, in the absence of fraud. McDonough v. Daly, 3 Mo. App. 606.   (2) Parties are, in the absence of fraud or treachery on the part of their attorney, bound by his acts or omissions and his authority by virtue of his employment extends to the conduct and management of the cause, in and out of court. Davis v. Hall, 90 Mo. 659.   (3) A stipulation entered into by and between the attorneys to a suit in regard to the conduct of the suit and which is free from fraud, is binding on the clients and one of the parties will not be allowed to withdraw the stipulation, because it results disadvantageously to him.   Railroad v. Stephens, 36 Mo. 150; Franklin v. Ins. Co., 43 Mo. 491.   (4)   The only defect at all in the sheriff's return to the summons, if it can be called a defect, is in the omission of the words, "at his usual place of abode."   This is cured by the appearance of Hugh B. Gibson when he came into court and filed his motions, one verified by affidavit and the other signed by Judge Barnett as counsel and argued in open court.   On the question of appearance after judgment, see Wilson v. Fowler, 3 Ark. 463; Ryan v. Driscoll, 83 Ill. 415; Ryan v. Doyle, 31 Iowa 58; Dreyfus v. Moline, etc., Co., 61 N. W. 599; Crowell v. Crowell, 3 Neb. 215; Warren v. Dick, 17 Neb. 241; Schafer v. Hockheimer, 36 Ohio 215. (5) The filing of a plea by the defendant is a waiver of defect or irregularity in the service of process.   Davis v. Patty, 42 Miss. 509; Bowin v. Lutherlin, 44 Ala. 278; Smith v. Gibson, 83 Ala. 284; Fitzgerald, etc., Cons. Co. v. Fitzgerald, 137 U. S. 98; Atwood v. Rayburn, 5 Mo. 533; Spencer v. Medder, 5 Mo. 458; Delinger v. Higgins, 26 Mo. 180.   (6) Where the record shows that there was an appearance (as there was in

this case), in the absence of any qualification, the recital must be construed to be a general appearance. Lowe v. Stringham, 14 Wis. 22; Crow v. Krones, 17 Wis. 401; Gay v. Hanger, 3 Ark. 436; Harris v. Stanton, 4 Ind. 120.

*G. Pitman Smith and J. D. Barnett* for respondents.

(1) The judgment of the circuit court of Montgomery county rendered (by default) May 2, 1881, in favor of Hester Ann Barker and against Hugh B. Gibson, was a void judgment. (a) The judgment is void, being a default judgment, for the reason that there was no appearance on the part of the defendant, and the defendant was not served with the process of the court in any manner required by law. Laney v. Garbee, 105, Mo. 355; Harness v. Cravens, 126 Mo. 248; Russell v. Grant, 122 Mo. 161. (b) Validity can not be infused into a void judgment by motion filed seven years later for the purpose of attempting to quash an execution based upon such void judgment. Laney v. Garbee, 105 Mo. 355. (c) Where an appearance of the party is relied upon as a waiver of service, it must be an appearance prior to the rendition of the judgment. (d) The judgment being void, the execution was void process, and every step taken under the execution was void. (2) The trial court committed no error in permitting the stipulation to be withdrawn. (a) An attorney is not authorized by stipulation to waive his client's meritorious defense. (b) A stipulation relating to proceedings in a nisi prius court is at all times subject to the control of the court. A stipulation entered into without fraud will be set aside by the court whenever it appears that its enforcement will work a fraud on either party, and this is especially true when the opposing party loses no meritorious right by the withdrawal of the stipulation. Berry v. Ins. Co., 53 N. Y. 540; Beeker v. Lamont, 13 How. Pr. 28; VanNuys v. Fitzworth (1890), 10 N. Y. Supp. 507; Davis v. Hall, 90 Mo. 659. (3) In

Indiana a husband can convey directly to his wife and vest in her both legal and equitable title. Thompson v. Mills, 39 Ind. 533; Burbank v. Kenard, 41 Ind. 339; Leonard v. Barnett, 70 Ind. 367. (4) As early as 1853, in Indiana, a wife's personal property, as well as her real property, was separate. Laws of Indiana 1853, ch. 35, sec. 5, p. 57; Totten v. McManus, 5 Ind. 408; Wickins v. Miller, 9 Ind. 100.

BRACE, P. J.—This is an appeal by the plaintiff from a judgment of the Montgomery Circuit Court, rendered on the twenty-seventh of December, 1897, dismissing his bill, and for costs in favor of the defendants. The suit was instituted in said court at Danville on the ninth of October, 1889, against Hugh B. Gibson, Mary D. Gibson, George Palmer and Alexander Mudd as defendants, and on stipulation transferred to said court at Montgomery City. Pending the suit, the said defendants, Hugh B. Gibson and Mary B. Gibson, died, and their death having been suggested, and the defendant Robert N. Gibson, Thomas N. Gibson and Elizabeth J. Hunter, the only children and heirs at law of the said Hugh B. and Mary Gibson, having been made parties defendants in their stead, the plaintiff on the twenty-seventh of May, 1895, filed the amended petition on which the case was tried, charging in substance that the said Hugh B. Gibson and Mary B. Gibson were married about fifty years ago in Ohio county in the State of Indiana, where they resided until the year 1877, or 1878, when they moved to the State of Missouri. That Hugh B. Gibson bought of one H. E. Dodd 43.3 acres of land situate in said county of Ohio and State of Indiana and received a deed therefor dated September 6, 1855. That in the year 1875 the said Hugh B. Gibson was largely indebted and insolvent and ever since has been insolvent. That among others he was indebted to one Hester Ann Barker on a promissory note long past due. That on the thirtieth of October, 1876, for the purpose of hindering, delaying and defrauding his creditors, the

said Hugh B. Gibson conveyed said tract of land to his wife, the said Mary B. Gibson, without any consideration. That afterwards in April, 1878, he sold said tract of land so conveyed to his wife, and with the identical money realized from the sale thereof purchased the southeast quarter of section 21, township 49, range 4, in Montgomery county, Missouri, and had said land conveyed to his wife, the said Mary B. Gibson. That on the thirteenth day of October, 1887, the said Hugh B. and Mary B. Gibson conveyed the said southeast quarter of section 21 to the defendant George Palmer, in trust, to secure the payment to defendant Alexander Mudd of $500 and interest, which indebtedness remained due and unpaid. That said Mudd loaned said money in good faith without knowledge of any fraud practiced by the said Hugh B. Gibson on his creditors. That the said Robert N. Gibson, Thomas N. Gibson and Elizabeth J. Hunter are now in possession of the premises. That the said Hester Ann Barker obtained a judgment on her said indebtedness against the said Hugh B. Gibson before he left the State of Indiana, which remains unpaid. "That on the second of May, 1881, the said Hester Ann Barker obtained in this court a judgment against the said Hugh B. Gibson for $221.15 and costs, based on the judgment so obtained against the said Hugh B. Gibson." That under an execution issued on said judgment all the right, title and interest of the said Hugh B. Gibson in and to the said southeast quarter of section 31, township 49, range 4, except 16.5 acres in a square in the northeast corner of said tract, was sold, and the plaintiff became the purchaser thereof and received a sheriff's deed therefor. Wherefore plaintiff prays that the defendants, Robert N. Gibson, Thomas N. Gibson and Elizabeth J. Hunter be divested of the title thereto, and that the same be vested in plaintiff subject to the lien of said deed of trust.

To the amended petition the defendants Palmer and Mudd filed no answer. The other defendants, Robert N. Gibson, Thomas N. Gibson and Elizabeth J. Hunter, on January 4,

1897, filed their joint amended answer thereto, denying the allegations thereof, and averring in substance that the said Mary B. Huston died testate, seized in fee simple of said real estate, and devised the same to the said defendants.   That the same was purchased for her by her brother Robert, and was paid for, partly by the proceeds from the sale of a tract of land owned by her in Indiana, purchased from one Dodd and paid for with money given to her by her father Thomas Nelson, late of the State of Indiana, deceased, as an advancement, and partly with money advanced to her by her said brother and her children.   That the said Hugh B. Gibson never contributed anything to the purchase of said land in Indiana, and had no interest whatever in the premises in question, which is of the value of at least $5,000, to which it has been enhanced by improvements paid for by the earnings of the said Mary B. Gibson and her adult children.   "That if any judgment appears of record in the circuit court of Montgomery county in favor of Hester Ann Barker and against Hugh B. Gibson, the same is. a nullity and absolutely void."   That no process or writ of said court therein was ever served upon the said Hugh B. Gibson and no appearance by him therein was ever made or entered.

To this answer the plaintiff filed a reply, alleging in substance that the judgment under which he claims is a valid judgment.   That Hugh B. Gibson claimed to own the property sold thereunder and bought by the plaintiffs.   That he claimed homestead and exemptions under the statute, and caused his exemption therein to be set out by the sheriff; that plaintiff bought the land at the request of the said Hugh B. Gibson and for his benefit under an agreement that he should have one year to redeem the same upon the payment of all the costs in three suits then pending against said Hugh B. Gibson and seventy-five per cent of the debts, and in pursuance of said agreement afterwards he tendered a deed to said land to Hugh B. Gibson, and requested him to redeem the land as agreed,

which he refused to do; and further replying plaintiff in substance avers that since the commencement of this suit he entered into a stipulation in writing filed in this cause, with J. D. Barnett, Esq., who at that time represented the said Hugh B. Gibson and Mary B. Gibson, the then defendants in said suit, whereby it was stipulated "that it is admitted at the trial of this cause that the judgment under which plaintiff obtained his title to the land is a valid judgment," and that by reason of the premises, the defendants are now estopped from claiming that the judgment under which plaintiff derived his title is void.

The stipulation pleaded in the reply was filed on the twenty-seventh of October, 1892, and is as follows:

"In the Montgomery Circuit Court, October term, 1892.

"Emil Rosenberger,

vs.

H. B. Gibson et al.

"It is stipulated by and between the plaintiff and the defendants in the above entitled cause, that this cause be transferred to the circuit court of Montgomery county, held at Montgomery City, and that all the papers in this cause be transferred to said court without copying the same.

"It is further stipulated that it is admitted on the trial of said cause that a judgment was rendered in the Montgomery Circuit Court on the second day of May, 1881, in favor of Hester Ann Barker against Hugh B. Gibson for $221.15 based on a judgment against Hugh B. Gibson in favor of the same plaintiff in Ohio county in the State of Indiana, before a justice of the peace for said county of Ohio, in a debt due prior to October 30, 1876. It is also stipulated that it is admitted on the trial of this cause that the legal title to the real estate in controversy was at the time of the rendition of said judgment and at the time the plaintiff bought the right, title and interest of Hugh B. Gibson in said real estate, in the defendant Mary B. Gibson. "J. D. BARNETT, Attorney for Defendants.

"EMIL ROSENBERGER, Plaintiff.

"Filed October 27, 1892."

The case was tried and determined in the circuit court at the November term, 1897. At the preceding May term of said court, the defendants, on motion, were permitted to withdraw the stipulation, and on the trial to introduce in evidence the whole record of the case in which the judgment was rendered under which the plaintiff claimed; from which it appeared that said judgment of May 2, 1881, in favor of Hester Ann Barker against Hugh B. Gibson for $221.15 was a judgment by default, and that the service of the writ of summons on which it was rendered, was as follows:

"Executed the within by leaving a true copy of the within writ and petition as furnished by the clerk with a member of Hugh B. Gibson's family over the age of fifteen years in Montgomery county, Missouri, on the sixth day of April, 1881."

To the action of the court in sustaining defendant's motion to withdraw the stipulation and admitting said record in evidence, the plaintiff excepted, and assigns the same as error. The basis of plaintiff's action is the judgment by default against Hugh B. Gibson of May 2, 1881. Unless that judgment is valid, or unless the defendants are estopped from showing that it is invalid, the plaintiff has no standing in court and his action must fail.

Under the statute, a writ of summons may be served upon the defendant "by leaving a copy of the petition and writ at his usual place of abode, with some person of his family over the age of fifteen years." [R. S. 1899, sec. 570; R. S. 1879, sec. 3489.] This is constructive service, and the terms of the statute must be substantially complied with. The service in this case is on all fours with the service in the case of Laney v. Garbee, 105 Mo. 355, the defect in the return in each being precisely the same, a failure to show that a copy of the petition and writ was left "at the usual place of abode" of the defendant. That case is decisive on this question, and is in harmony with a long line of decisions. [Blanton v.

Jamison, 3 Mo. 52; Smith's Admr. v. Rollins, 25 Mo. 408; Brown v. Langlois, 70 Mo. 226; Madison County Bank v. Suman, 79 Mo. 527; Laney v. Sweeney, 105 Mo. 360; Williams v. Monroe, 125 Mo. 574.]   In that case it was held that a judgment by default on such a service was null and void, and so it must be held in this case.   Hence, the plaintiff's judgment was subject to the defendants' attack, unless they were estopped from making it by the facts pleaded in the reply.   The defendants claim under Mary B. Gibson. They make no claim under Hugh B. Gibson.   Their claim is antagonistic to him, and the plaintiff claiming under him. Hence, they can not be estopped by anything he may have said or done in regard to the property which they claim, in connection with the execution, the plaintiff's purchase thereunder, or by any agreement between him and the plaintiff in regard thereto.   Nor do we think that they were estopped by the stipulation from showing the true character of the judgment on the trial.   The allegation in the reply that by the stipulation it was admitted, that the judgment "is a valid judgment" is not borne out by the stipulation.   The fact of the judgment, its basis, date, amount and the court rendering it, are admitted, nothing more.   Not a word is said as to its character.   Whether the judgment was a valid one or not was not a fact to be admitted, but a deduction to be drawn, and the stipulation did not undertake to make any deduction from the facts admitted, or confine any deduction in the case to the facts therein admitted.   The defendants, by introducing the whole record of the case, did not contravene any of the facts admitted in the stipulation but sought by legitimate co-ordinate facts to enable the court to draw a proper deduction as to the real character of the judgment.   The court committed no error in admitting this record in evidence.   And as the stipulation could not have any greater force or effect than the judgment itself, it follows as a necessary consequence that no prejudicial error could have been committed in permitting the withdrawal of the

stipulation.

The court might well have dismissed the plaintiff's bill as soon as the invalidity of the judgment was disclosed, and he would have had no just cause of complaint. And he can have no ground for complaint that the same result was reached by the trial court, on the merits, after a long and patient hearing. The judgment of the circuit court is affirmed. All concur.