S. J. MATTOCKS, Defendant in Error, v. EDWARD VAN ASMUS, Plaintiff in Error.

**Kansas City Court of Appeals, June 1, 1914.**

1. **JUDGMENT: Review: Summons: Petition.** Where a defendant has been summoned to appear to a plaintiff's action and makes default, he cannot thereafter maintain a petition for review under Secs. 2101 or 2104, R. S. 1909.

2. ———: **Summons: Service: Personal: Substituted.** A summons by a sheriff served by leaving a copy of the petition and with a member of the defendant's family over 15 years of age is substituted service; but it is personal service as distinguished from an order of publication and cannot be disputed by a defendant, and is service required by the statute which, if had, will bar a petition for review.

3. ———: **Motion: Irregularity˝ of Judgment.** A judgment which may not be set aside on petition for review may be set aside within three years on a motion based upon its irregularity.

4. ———: **Petition: Prayer: Judgment.** Where a petition states that the defendant was plaintiff's agent; that he had claimed to have disposed of some of plaintiff's stocks for assistance in organizing a new company when in fact he received money or bonds (plaintiff was not advised which) which he concealed from the plaintiff. The petition asked for a judgment in money for what might be due on an accounting and that defendant be required to turn over bonds if he had any; there being service on defendant and judgment by default, for $1283. It wes *held*, there was no such irregularity as would justify setting aside the judgment on motion under section 2121, R. S. 1909.

Error to Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

AFFIRMED.

*Haff, Meservey, German & Michaels* and *S. D. Newkirk* for plaintiff in error.

(1) The court erred in refusing to sustain the petition for review and motion to set aside the

judgment because the judgment grants other and different relief than that prayed for in the petition. Downing et al. v. Stiel et al., 43 Mo. 309; Cross v. Gould, 131 Mo. App. 585; White v. McFarland, 148 Mo. App. 338; Janney v. Spedden, 38 Mo. 395. (2) The judgment should be set aside because it is not supported by the allegations of the petition. The suit is brought in equity, but the court rendered only a legal judgment. Meyers v. Field, 37 Mo. 434; Maguire v. Vice, 20 Mo. 429; State ex rel. v. Evans, 179 Mo. 310.

*Omar E. Robinson* and *H. H. McCluer* for defendant in error.

(1) The motion filed by plaintiff in error was not sufficient in law to authorize the same to be considered as a bill of review. Section 2104, Statutes 1909; Icing Co. v. Kemper, 166 Mo. App. 613. (2) The service in this case was good and cannot be set aside in this kind of a proceeding. Smott v. Judd, 184 Mo. 508; Ellis v. Nuckols, 237 Mo. 294. (3) The service in this case was personal. Rumsey Mfg. Co. v. Baker, 35 Mo. App. 217; Board of Commrs. v. Challis, 69 Pac. 173; Dunkel v. Elston, 71 Ind. 585. (4) The service being personal, the judgment cannot be reviewed by bill of review. Rumsey Mfg. Co. v. Baker, 35 Mo. App. 217; Hyatt v. Wolf, 22 Mo. App. 191; Fraternal Banker v. Wire, 150 Mo. App. 89. (5) Judgment that has become final cannot be set aside upon motion as a subsequent term on account of the insufficiency of the petition. State ex rel. v. Tate, 109 Mo. 265.

ELLISON, P. J.—This is a petition by defendant for review of a judgment obtained against him by plaintiff on the 28th of March, 1912, for $1283. The petition was duly verified. The court denied the petition and defendant sued out a writ of error.

There are eight causes for review assigned in the petition. The first and second are that there was no

service of summons of defendant or any member of his family, and that he had no knowledge of the institution of the suit, until after judgment was obtained and execution issued.

Before examining these we will notice the parts of the statute bearing on the question of interference with judgments. Section 2093, Revised Stautes 1909, provides for an interlocutory judgment by default, and section 2094, permits it to be set aside before damages are assessed, or final judgment rendered. Section 2100 provides that the default judgment shall not be for a greater sum than that claimed by the petition originally filed and served on defendant; or the facts stated would justify. Then section 2101 provides, that when such judgment by default has been made final against any defendant who has "not been summoned as required by this chapter, or who shall not have appeared to the suit, . . . may be set aside, if the defendant shall, within the time hereinafter limited, appear, and by petition for review show good cause for setting aside such judgment." Section 2102 puts the limit at one year if plaintiff be notified of it, and section 2103 fixes the utmost limit at three years. Section 2104 provides that this review petition shall state "the existence of the facts set forth in section 2101. . . . We have just seen that section 2101, conditions a right to review on the fact that the defendant has not been summoned, or has not appeared to the suit. And that he was not summoned and did not appear, are the two first grounds alleged in the motion.

There was a summons served by the sheriff, not on the defendant in person, but by delivering a copy of the writ and petition attached, at the usual place of abode of defendant with a member of his family over the age of fifteen years. Defendant contends this was not personal service. Section 2101 does not require that the summons shall be served on the defendant in his proper person, but he must *"have been summoned as*

*required by this chapter,"* (Chapter 21) and one of the modes of service required by that chapter (sec. 1760) is that we have just stated was had upon defendant. It is true this is a substituted service for actual service on the person (Feurt v. Caster, 174 Mo. 289; Rosenberger v. Gibson, 165 Mo. 16) yet it is personal service as distinguished from an order of publication. [Fraternal Bankers v. Wire, 150 Mo. App. 89.] It is a service which when made by the sheriff, is undisputable and binding upon the defendant in the writ. [Smoot v. Judd, 184 Mo. 508; Ellis v. Nuckols, 237 Mo. 290, 294.] Therefore as defendant was summoned there is no relief for him under either of sections 2101 or 2104. [Campbell v. Garton, 45 Mo. 343; Ramsey v. Baker, 35 Mo. App. 217; Hyatt v. Wolf, 22 Mo. App. 191; Fraternal Bankers v. Wire, 150 Mo. App. 89.]

Defendant, must then, abandon his pleading as a petition for review and treat it as a motion to set aside the judgment for irregularity (Icing Co. v. Kemper, 166 Mo. App. 613) a proceeding allowed by section 2121 of the statute in these words: "Judgments in any court of record shall not be set aside for irregularity on motion, unless such motion be made within three years after the term at which such judgment was rendered."

We have already said that the statute (sec. 2100) provides that in interlocutory judgments no greater amount of money or different relief shall be adjudged than is asked for by the petition served on the defendant. The object of this, of course, is that a defendant, if he sees by the nature of plaintiff's claim upon him, as set forth in the petition, that he does not wish to contest it he will let it go, without making any trouble or expense to himself. The plaintiff and the court therefore cannot surprise him with a judgment different from that which he was advised by the petition would be asked. Stated differently, the petition must fairly justify and support the judgment rendered.

[Rush v. Brown, 101 Mo. 586; Jackson v. Fulton, 87 Mo. App. 228, 238; White v. McFarland, 48 Mo. App. 338.]

The following is the substance of the petition and a copy of the relief asked: It is stated that defendant, plaintiff and others were the owners of certain stock in certain corporations. That these corporations being in need of money, defendant was appointed by plaintiff, and the others, interested, as agent to effect a plan whereby additional capital could be secured. That defendant reported that to that end, he had organized another corporation, and that plaintiff and the others were to receive certain named amounts of the common stock of the new organization for the surrender of their interest in the original corporations. That the amounts of this common stock in the new organization was less than it would have been had not defendant (as he reported to plaintiff) turned over a portion of it to two other persons for their aid and influence in organizing the new company. It is then alleged that defendant did not turn over such portions of the stock to these two persons for their aid alone, but that he received from one of them $7700 and from the other $1500 thereby converting to his own use plaintiffs share (as well as the share of the others) in that money.

It is then alleged that defendant as plaintiff's agent further reported that he had borrowed for the new organization $100,000 and to secure the loan it was necessary for plaintiff (as well as the others) to turn over his part of the stock in such new organization. It is then alleged that defendant received in this transaction certain money consideration or else certain bonds, which he failed to account for to plaintiff, of which he owes to plaintiff the latter's proportionate share. *"Wherefore,* plaintiff prays that an accounting may be taken of all sums of money received by or come to the hands of the defendant as such agent of the plaintiff as aforesaid for or on account of or for the use of

the plaintiff and of the application thereof and of all dealings and transactions of the defendant as the plaintiff's agent and that the defendant may be decreed to pay to the plaintiff what upon taking such accounts, may be found due from the defendant to the plaintiff and to deliver up to the plaintiff all documents in the defendant's possession or power belonging to the plaintiff, and that the defendant may pay all costs of this suit."

The irregularity claimed is that this prayer for relief does not ask for a money judgment in any particular amount; that no accounting was had, and the suit was considered as one at law and plaintiff given a judgment for $1283. We do not think either of defendants claims is well founded. The quotation from the petition does not show a specific sum was asked and that is not required. If it were required all relief in unascertained sums would be denied. The statute (sec. 1794) cited by defendant, is not so unreasonable; it reads that "if money be demanded, the amount thereof shall be stated, or *such facts as will enable the defendant and the court to ascertain the amount demanded.*" Thet petition in this case is ample and coupled with the prayer quoted leaves defendant without excuse, or just complaint, that he was not advised as to what might properly be the result of the action.

As defendant did not appear at the time the judgment was rendered, there is of course no bill of exceptions showing what took place at the hearing before the judgment was rendered, and all that we have is the judgment. It might well have been more enlarged, yet is does show, on its face, that the court considered the petition and heard the evidence and after being thus "fully advised finds that the plaintiff is entitled to the sum of $1283 and costs of cause."

We do not think there is any merit in the point that the petition does not support the judgment. There is nothing therein stated making it obligatory to have a

referee to take an accounting. There is nothing to show that the whole case could not have been tried in a petition inconsistent with the idea that plaintiff was only entitled to a certain money judgment which the evidence might show defendant owed him as his agent. If the evidence at the trial had been preserved, it may properly enough have shown, that defendant only received money as plaintiff's agent which he had not accounted for. The judgment is affirmed. All concur.