THE STATE ex rel. ANGELO L. FABRICO v. FRANCIS H. TRIMBLE et al., Judges of Kansas City Court of Appeals.

In Banc, July 3, 1925.

1. **DECISION: Concurrence of Less than Majority of Judges.** The concurrence of two judges of Division One of this court in certain parts of the opinion of its commissioner in a case in which all four judges take part, is not a decision of the court as to such part of the opinion, which therefore cannot be considered by a court of appeals, in deciding a similar case, as the last expression of this court on the point. [Referring to expressions in opinion in Stanton v. Hanna, 199 S. W. 145.]

2. **SERVICE: Copy at Place of Abode: Default Judgment: Review.** Service upon a resident defendant by leaving a copy of the writ at his usual place of abode with a member of his family over the age of fifteen years, in strict compliance with the statute (Sec. 1186, R. S. 1919), is a personal service, and a default judgment rendered against such a defendant is binding, and the court is not authorized by the statute (Sec. 1532, R. S. 1919) at a subsequent term, upon the filing of a petition for review, to set aside such judgment, on the mere ground that such defendant was served in

such manner and did not appear in response to the service. It is only when a resident defendant has not been summoned in the manner prescribed by Section 1186 that the court is authorized by Section 1532 to entertain a petition to review an interlocutory judgment rendered against him.

3. ———: ———: **Defendant Joined by Wrong Name: Stipulation That Service Was on Right Party.** Where Joseph Marsala was named as one of the defendants, and the sheriff in his return recited that he served the writ "by leaving a copy of this writ at the usual place of abode of the within named defendant, Joseph Marsala, with a member of his family over fifteen years of age," and none of the defendants appeared and judgment was rendered against them by default, and at a subsequent term Fortunato Marsala filed his petition to review, a stipulation then entered into by counsel for plaintiff (the relator here) and the counsel for Fortunato Marsala by which it is admitted that "Joseph Marsala (named as a defendant herein) and Fortunato Marsala are one and the same person" is in effect an admission that the service upon Joseph Marsala was in fact a service upon Fortunato Marsala; and the service upon Fortunato Marsala being in strict compliance with the statute (Sec. 1186, R. S. 1919), the court had no authority under the statute (Sec. 1532, R. S. 1919), prescribing the terms by which an interlocutory judgment may be set aside, to entertain a petition for review.

4. ———: **Leaving Copy with Member of Family.** A delivery of summons at the usual place of abode of a resident defendant to a member of his family over fifteen years of age is as good as if the same had been delivered to defendant in person. Being a method of service prescribed by statute, such service, if the statute is literally complied with, is as good as actual personal service.

Corpus Juris-Cyc. References: Courts, 15 C. J., Section 372, p. 970, n. 28 New; Section 518, p. 1092, n. 63. Judgments, 34 C. J., 632, p. 403, n. 78. Process, 32 Cyc. p. 461, n. 74; p. 462, n. 81; p. 537, n. 41.

*Certiorari.*

OPINION QUASHED.

*Marley & Reed* for relator.

(1) It clearly appears from the opinion of the Court of Appeals that it is in direct conflict with all the de-

cisions of this court, especially Campbell v. Garton, 29 Mo. 343; Boas v. Land Co., 193 S. W. 807; Burnham v. Clark, 232 Mo. 661; State ex rel. v. Scott, 104 Mo. 206; Juede v. Sims, 258 Mo. 26, and for that reason its judgment in this case should be quashed. (2) The case of Stanton v. Hanna, 199 S. W. 145, to which the opinion of the Court of Appeals alludes and which opinion the Court of Appeals held decided the point involved in this case, is not even an *obiter*. In the Stanton case, this court merely held it had no jurisdiction of the cause, because there was no final judgment below, upon which to base an appeal; and the Court of Appeals erred in relying upon and in following it as authority for reversing this case. State v. Becker, 235 S. W. 1018; Rourke v. Railroad, 166 S. W. 273; Hornell v. Railroad, 186 S. W. 677; State ex rel. v. St. Louis, 241 Mo. 239; Rourke v. Metz, 212 S. W. 357.

*Griffin & Orr* for respondents.

(1) The opinion of the Court of Appeals follows precisely the last previous decision of this court, in its construction of Sec. 1532, R. S. 1919. Stanton v. Hanna, 199 S. W. 145. (2) The Court of Appeals opinion is not contrary to the decisions of this court in Campbell v. Garton, 29 Mo. 343; Boas v. Land Co., 193 S. W. 807; Burnham v. Clark, 232 Mo. 661; State ex rel. v. Scott, 104 Mo. 26, or Jeude v. Sims, 258 Mo. 26, because the facts in these cases show personal service and appearance by the defendant. These cases are wholly unlike the case at bar. (3) The decision of this court in Stanton v. Hanna, 199 S. W. 145, defines constructive service, and is in harmony with previous rulings of this court. Laney v. Garbee, 105 Mo. 355; Rosenberger v. Gibson, 165 Mo. 16; Fuert v. Castor, 174 Mo. 289; Randolph v. Sloan, 58 Mo. 155; Boas v. Land Co., 193 S. W. 806; Miners' Bank v. Kingston, 204 Mo. 687.

GRAVES, C. J.—*Certiorari* to Kansas City Court of Appeals. It would seem that relator herein was the

plaintiff in an action in the Circuit Court of Jackson County, entitled Angelo L. Fabrico, Plaintiff, v. Joseph Marsala, Maria Marsala and Diego Marsala, Defendants. Fabrico's wife is the daughter of the two latter named defendants, and the suit is one for the alienation of the wife's affections. Service was had in the circuit court (indicated by the return upon the summons made by the sheriff) in the following manner:

"Executed this writ in Jackson County, Missouri, on the 14th day of March, 1919, by delivering a copy of this writ together with a copy of the petition hereto attached, to the within named defendant Maria Marsala, he being the first defendant served.

"OVERTON H. GENTRY, Sheriff.
"By HENRY COSTELLO, Deputy.

"And further executed this writ in Jackson County, Missouri, on the 1st day of April, 1919, by delivering a copy of this writ to the within named defendant, Diego Marsala, and further executed this writ in Jackson County, Missouri, on the 1st day of April, 1919, by leaving a copy of this writ at the usual place of abode of the within named defendant, Joseph Marsala, with a member of his family over the age of fifteen years.

"OVERTON H. GENTRY, Sheriff.
"C. B. CHILD, Deputy."

Judgment by default in the sum of $2,000 was had by plaintiff in such action, on April 7, 1920. At the September term, 1920, of said court, Joseph Marsala, under the name of Fortunato Marsala, filed in said cause a petition for review. May 12, 1922, Fabrico filed his motion to strike out such petition for review, stating as grounds therefor the following:

"1. It would be error for the court to entertain and act upon the said motion.

"2. It nowhere appears in the record that Fortunato Marsala is a party to this action.

"3. Parties to said action are estopped by the record in the above entitled cause from disputing any of the facts apparent upon the face of the record.

"4.   All parties to the record in the above entitled cause are concluded by the officer's return and by the judgment in the said cause.

"5.   The record in the above entitled cause is full and complete and cannot be impeached."

The trial court sustained such motion, and Marsala appealed to the Kansas City Court of Appeals, where upon a hearing, and by an opinion filed, the Court of Appeals reversed the judgment of the circuit court, and remanded the cause. It is their opinion and judgment that relator seeks to have quashed in the instant action. The opinion of the Court of Appeals is short, and is in words as follows:

"This is an appeal from the action of the court in sustaining plaintiff's motion to strike from the files defendant's petition for review.

"The facts show that on March 5, 1919, Angelo L. Fabrico, sued Maria, Diego and Fortunato Marsala, the last under the name of Joseph Marsala. The suit was for the alienation of the affection of the wife of plaintiff, who was the daughter of Maria and Diego Marsala and the sister of Fortunato Marsala. Summons was issued and the sheriff made return that he had executed the writ by personally serving Maria and Diego Marsala and that he served Joseph Marsala by leaving a copy of the writ and petition at his usual place of abode with a member of his family over the age of fifteen years. None of the defendants appeared, but on April 7, 1920, judgment was rendered against all three of them in the sum of $2,000. Execution was ordered and levied on real estate of Fortunato Marsala, whereupon he filed this petition for review, under the provisions of Section 1532, Revised Statutes 1919. This petition alleges that he, Fortunato Marsala, was the only son of Maria and Diego Marsala and that he assumed that he was the person intended when Joseph Marsala was named as defendant in said suit; that he was never summoned and had a good defense, etc., and knew nothing of the suit until the execution was levied. Fabrico filed a motion to dismiss the

petition for review, which the court overruled, and he applied to this court for a writ of prohibition to prevent the circuit court from hearing said petition. This writ was denied, and he thereupon applied to the Supreme Court for a similar writ, which was denied by that court. [State ex rel. v. Johnson, 239 S. W. 844.] Thereafter on May 12, 1922, Fabrico filed the following motion to strike the petition for review from the files:

" '1. It would be error for the court to entertain and act upon the said motion.

" '2. It nowhere appears in the record that Fortunato Marsala is a party to this action.

" '3. Parties to the said action are estopped by the record in the above entitled cause from disputing any of the facts apparent upon the face of the record.

" '4. All parties to the record in the above entitled cause are concluded by the officer's returned and by the judgment in the same cause.

" '5. The record in the above entitled cause is full and complete and cannot be impeached.'

"This motion was sustained by the trial court, resulting in this appeal by said Marsala.

"Fabrico's point is that Section 1532, Chapter 12, Revised Statutes 1919, by its terms provides for a petition for review only when defendant has 'not been summoned as required by this chapter,' and as Section 1186 of Chapter 12 provides service of summons by leaving a copy of the writ at the usual place of abode of the person to be summoned with some member of his family over the age of fifteen years, Marsala cannot maintain a petition for review, for the sheriff's return shows such service; that while the service had upon Fortunato Marsala was substituted service, nevertheless, it was personal service as distinguished from service by order of publication; that the sheriff's return cannot be contradicted or impeached in any way, and that Fortunato Marsala 'having been summoned as required by this chapter' cannot maintain a petition for review under Section 1532,

"The matter of personal service by leaving the writ or copy thereof at the usual place of abode of the defendant is purely statutory (21 R. C. L. 1280; 32 Cyc. 462), and many courts using the term "constructive service" have not distinguished between service by leaving a copy of the writ of summons at the abode of the defendant and service by publication in a newspaper. Many have referred to the former service, as constructive service, no doubt; for the reason that at common law the only personal service known was the delivery of the writ or a copy thereof to the person to be served, or reading it to him. Technically, constructive service is service by publication and service by leaving a copy of the writ at the usual place of abode of the defendant is substituted personal service. [32 Cyc. 461.] There is no question but that substituted personal service is good personal service and one upon which a personal judgment may be rendered. Construing the provisions of Section 1532 the courts have had occasion to discuss the difference between constructive and personal service and have generally concluded that where the service is constructive the petition for review under Section 1532 would lie.

"However, it will be noted that said section does not use any of those terms, nor does Section 1186. Section 1532 reads as follows:

" 'When such interlocutory judgment shall be made and final judgment entered thereon against any defendant who shall not have been summoned as requiured by this chapter, or who shall not have appeared to the suit, or has been made a party as the representative of one who shall have been summoned or appeared, such final judgment may be set aside, if the defendant shall, within the time hereinafter limited, appear, and by petition for review, show good cause for setting aside such judgment.'

"The Supreme Court in a recent case has put at rest in this State what is meant by the provisions of Section 1532. See Stanton v. Hanna, 199 S. W. 145, 146, where the court said: 'It is suggested that these pro

visions were enacted with reference only to cases in which jurisdiction has been obtained by publication. In terms it applies to all cases in which the defendant shall not have appeared to the action, and a final judgment by default has been entered against him; and we see nothing in the entire chapter of which it forms a part requiring a departure from that indicated by its words and their grammatical construction. Every kind of service which does not reach the consciousness of the defendant is, in a literal sense, ''constructive.'' It may be delivered in his own home, to a member of his own family who is interested against him in the litigation, to an ignorant and thoughtless child, or if he receives it into his own hands some accident or uncontrollable circumstance may keep him from the term of court to which it is returnable.'

''It is true that the Supreme Court in that case cites no authority other than the statute and makes no reference to decisions in this State holding to the contrary. [See Mattocks v. Van Asmus, 180 Mo. App. 404; Campbell v. Garton, 29 Mo. 343; Fraternal Bankers of America v. Wire, 150 Mo. App. 89; Boas v. Land & Farm Co., 193 S. W. 806, 807.] In Campbell v. Garton, supra, the Supreme Court (1. c. 345) holds that the proper remedy for one who has been summoned but fails to appear is provided in Sections 1524 and 1525, Revised Statutes 1919 (then R. S. 1855, p. 1278, secs. 4 and 5). These sections provide at what time an interlocutory judgment by default may be entered and when it may be set aside.

''We have carefully considered the able briefs filed herein discussing at length the principles applicable to this case, but in view of the case of Stanton v. Hanna, supra, which is the last expression of the Supreme Court on the question, and which we are bound to follow, there is no question but that Fortunato Marsala can maintain his petition for review if he can prove the facts alleged therein, and that the court erred in striking it from the files.

''It is, however, claimed that the motion was properly sustained for the reason that the petition for review

asks that the entire judgment be set aside in order that the petitioner, Fortunáto Marsala, and the other defendants might plead thereto and present their defense on the merits, and that the petitioner has no right to have the judgment set aside as to the other defendants. Of course, the fact that the petitioner may have prayed for more than he was entitled to under the facts would not subject his petition to a demurrer or motion to strike as he would be entitled to as much of the relief prayed for as would appear warranted upon the trial.

"The judgment is reversed and the cause remanded. All concur."

Points made will be left to the opinion.

I. This case presents a serious question, in that the Court of Appeals bases its opinion upon Stanton v. Hanna, 199 S. W. 145. In that case there was a default judgment, and later (after the term) a petition for review. The petition for review was sustained, and from this order an appeal was taken. We dismissed that appeal, because no statutory authority could be pointed out for an appeal in that situation of the case. In that case we used this language:

*Stanton v. Hanna.*

"In the view we have taken of this case, the only question to be decided is whether an appeal lies from the order setting aside and vacating the judgment of default, and restoring the cause to the docket for trial. The proceeding for this purpose was instituted under Sections 2101-2104 of the Revised Statutes of 1909, and it is not questioned that the petition complies with all the requisites of those sections.

"It is suggested that these provisions were enacted with reference only to cases in which jurisdiction has been obtained by publication. In terms it applies to all cases in which the defendant shall not have appeared to the action, and a final judgment by default has been entered against him; and we see nothing in the entire chapter of which it forms a part requiring a departure from that indicated by its words and their grammatical construction. Every kind of service which does not reach

the consciousness of the defendant is, in a literal sense, 'constructive.' It may be delivered in his own home, to a member of his own family who is interested against him in the litigation, to an ignorant and thoughtless child, or if he receives it into his own hands some accident or uncontrollable circumstance may keep him from the term of court to which it is returnable. It is evident that the law was intended to prevent a miscarriage of justice in all such cases, and at the same time to protect the plaintiff by requiring that good cause shall be shown for the reinstatement of the case. If the petition is overruled, the judgment is final. To use the words of this court in Bussiere's Admr. v. Sayman, 257 Mo. 306, 311, 165 S. W. 796, the defendant 'has reached the last ditch,' and an appeal lies as from every other final judgment. If the review be granted, the cause, by the provisions of the statute, stands for trial and he must plead. There is no reason that the case should be brought to this court piecemeal, and the appeal must await the final determination of the cause.''

The clear meaning of this language is, that if a summons for any defendant is left with a member of the family over the age of fifteen years, such defendant, who does not appear at the hearing, is entitled to present a petition for review, within the statutory period of three years, and if the court sustains such review, the judgment by default (afterward upon inquiry as to damages made final) falls to the ground, and must be for naught held.

In that opinion we concurred specially, and it was because of the language used therein, or that part of the quotation, supra, which would entitle any defendant served with summons, by leaving such summons at his usual place of abode with a member of his family over the age of fifteen years, to avail himself of the right granted by Section 1532, Revised Statutes 1919, which was Section 2101, Revised Statutes 1909, mentioned in Stanton's case, supra. In my separate concurrence, WOODSON, J., concurred, so that upon this language used by our learned

Commissioner, and quoted, supra, there was no concurrence of a majority of the court. It requiring three judges to mold the sentiments expressed by our Commissioner into law, or into a controlling decision of Division One of this court. This Stanton case made no law, except so far as it ruled that the appeal was premature. So that the Court of Appeals was not justified in ruling that such opinion was the last expression of this court upon the question at issue in their case. The language of two judges in Division One makes no law, and makes no controlling decision upon a question of law, or equity. A few words more as to Stanton's case in the paragraph to follow.

II.   We have always felt that the real facts in the case of Stanton v. Hanna, supra, should appear. Accordingly we have reviewed the old files in that case. The pertinent facts, gathered from the record in that case, are as follows: Stanton sued Hanna before a justice of the Peace in Laclede County for $80, an alleged balance upon a contract. June 24, 1912, the case was tried in the court of the justice of the peace, before a jury, and the jury found in favor of defendant, Hanna, and a judgment was accordingly entered. Stanton took no appeal on the day of trial, but within ten days (July 3, 1912) an affidavit for appeal was filed and an appeal granted to the circuit court. The next term of the Circuit Court of Laclede County was in August of 1912, and this appealed case was upon the docket for that term. The record shows two acts, either of which would be an appearance of the appellee, Hanna, in the circuit court. Nothing was done with the case at the August term of the court, but on February 4, 1913, Moore and Curry, attorneys for Hanna, filed a motion for "additional security for costs." Prior to that (January 30, 1913) the said Hanna (no doubt through counsel) caused to be issued a subpoena for witnesses in his behalf for the trial of said appealed cause, and said subpoenaa was on the same day served upon the witnesses therein named by the sheriff of said county. These acts constitute a submission to the jurisdic-

tion of the Circuit Court of Laclede County, although no notice of appeal had been given. There is, however, in the record a notice of appeal by Stanton, the plaintiff and appellant, and the service of said notice was acknowledged on January 20, 1913, by A. W. Curry, as attorney for defendant. On the hearing Hanna testified that Curry and Moore were his attorneys in the justice's court, and that when he left the county (temporarily) he expected them to look after his case in the circuit court, and spoke to Mr. Moore about it.

So from the two angles Hanna had submitted himself to the jurisdiction of the Circuit Court of Laclede County, and all this prior to the default judgment. We give these facts to show that the language of our learned Commissioner in Stanton v. Hanna, supra, was dangerously broad, when the facts are considered and the statute (Sec. 1532, R. S. 1919) is read. This statute reads:

"When such interlocutory judgment shall be made and final judgment entered thereon against any defendant who shall not have been summoned, as required by this chapter, or who shall not have appeared to the suit, or has been made a party as the representative of one who shall have been summoned or appeared, such final judgment may be set aside, if the defendant shall, within the time hereinafter limited, appear, and by petition for review, show good cause for setting aside such judgment."

Here there was a double submission to the jurisdiction of the circuit court, (1) notice of the appeal, and service thereof acknowledged by counsel who not only appeared in the lower court, but who was to represent Hanna in the circuit court, and (2) the filing of a motion for costs, and the suing out of process for witnesses. The foregoing real facts explain my limited concurrence to our opinion, now relied uupon by the learned Court of Appeals, in the present action. In this limited concurrence, Woodson, J., joined, and as said the broad language of Brown, Commissioner, never became living law.

III.  Before going to the vital question of conflict
in opinions, it will be well to get the *status* of the instant
case, under the statutes.  On the trial of the petition for
review in the circuit court, it was stipulated, as follows:

"It is admitted by counsel for Angelo L. Fabrico
and by counsel for Fortunato Marsala that Joseph Mar-
sala (named as defendant herein) and Fortunato
Marsala are one and the same person, and there is no
such person as Joseph Marsala separate and apart from
Fortunato Marsala."

This in effect is and admission that whatever service,
if any, had upon Joseph Marsala, was, in fact, a service
upon Fortunato Marsala.  This because, in the language
of the admission, they "are one and the same person, and
there is no such person as Joseph Marsala separate and
apart from Fortunato Marsala."

Now Section 1532 authorizes a petition for review
only where a default judgment had been made final, and
only in cases where a "defendant who shall not have
been summoned as required by this chapter [Chap. 12, R.
S. 1919] or who shall not have appeared to the suit."
Fortunato Marsala did not appear, and his relationship
to the suit must be determined by the service upon him.

So far as this case is concerned but one clause of the
service statute need be quoted.  The statute which
prescribes the manner of service is now Section 1186,
Revised Statutes 1919, and the fifth clause thereof reads:

"Or, fifth, where there are several defendants, by
delivering to the defendant who shall be first summoned
a copy of the petition and writ, and to such as shall be
subsequently summoned, a copy of the writ, or by leaving
such copy at the usual place of abode of the defendant,
with some person of his family over the age of fifteen
years."

There were three defendants in the circuit court out
of which this instant case grows.  The return of the
sheriff which we have set out in full, supra, shows a
literal compliance with this clause of the statute.  It
shows that the first defendant served was given a copy

of both the petition and the summons, and that the second defendant was given a copy of the summons, and lastly that the sheriff "further executed this writ in Jackson County, Missouri, on the 1st day of April, 1919, by leaving a copy of this writ at the usual place of abode of the within named defendant, Joseph Marsala, with a member of his family over the age of fifteen years." Under the admission in the record the alleged Joseph Marsala was Fortunato Marsala. So that according to the sheriff's return, Fortunato Marsala was served with a copy of the summons. That is to say the stipulation above set out amounts to an amendment of the sheriff's return so as to show Fortunato Marsala, instead of Joseph Marsala.

The effect of the language of BROWN, Commissioner, in Stanton v. Hanna, supra, had it been made law, was to allow a defendant thus served, and who did not thereafter appear to the suit, the right to ask and obtain a review of the judgment obtained by default. This idea is the foundation of the opinion of the Court of Appeals, now before us for review. If the views of BROWN, Commissioner, had received the concurrence of this court the opinion of the Court of Appeals would have to be upheld, because they would have been following the last opinion of this court upon the question. Even if we concluded our opinion was wrong, we could not say that there was a failure of the Court of Appeals to follow our last opinion, and its opinion would have to stand in the instant case although we might overrule our own case in the course of the opinion. In the instant case we do not have to overrule the Stanton case, because all this court decided there was that no appeal from the order sustaining the petition for review would lie. As to whether the opinion of the Court of Appeals conflicts with other opinions of this court we take next.

IV. It would be a dangerous thing to say that, in every case where the defendant was served by leaving a copy of the petition and summons at his usual place of abode, with a member of his family over the age of fifteen

years, and such defendant failed to appear, and judgment was taken by default, such person could at any time within three years set aside such judgment upon a petition for review. If such be the law of this State there have been many judgments thus left hanging in the air for three years. We are now talking of resident defendants who were thus served with process. If we read the statute aright this is what might be called substituted personal service, but a service just as binding as if delivery had been made to the defendant in person. The cases sometimes call it "a substituted or constructive service." [Feurt v. Caster, 174 Mo. l. c. 306.] They all hold that the statute, to make the service good, must be strictly followed. [Rosenberger v. Gibson, 165 Mo. l. c. 23.] But the cases likewise hold that when the statute is strictly followed, the service is as good as personal service. We have ruled that this substituted personal service in a foreign state will not uphold a personal judgment, and this for the reason that our process is confined to the State lines. The service statute that we have under consideration here, is one that was intended to bring the defendant into court for a personal judgment against him, if the wager of battle went against him. In the opinion of the learned Court of Appeals in speaking of the Stanton case, supra, it is said:

"It is true that the Supreme Court in that case cites no authority other than the statute and makes no reference to decisions in this State holding to the contrary. [See Mattocks v. Van Asmus, 180 Mo. App. 404; Campbell v. Garton, 29 Mo. 343; Fraternal Bankers of America v. Wire, 150 Mo. App. 89; Boas v. Land & Farm Co., 193 S. W. 806, 807.] In Campbell v. Garton, supra, the Supreme Court (l. c. 345) holds that the proper remedy for one who has been summoned but fails to appear is provided in Sections 1524 and 1525, Revised Statutes 1919 (then R. S. 1855, p. 1278, secs. 4 and 5). These sections provide at what time an interlocutory judgment by default may be entered and when it may be set aside.

"We have carefully considered the able briefs filed herein discussing at length the principles applicable to this case, but in view of the case of Stanton v. Hanna, supra, which is the last expression of the Supreme Court on the question, and which we are bound to follow, there is no question but that Fortunato Marsala can maintain his petition for review if he can prove the facts alleged therein, and that the court erred in striking it from the files."

From this it appears that the court recognized that the petition for review could not have been upheld, except by the opinion of this court in Stanton's case. This we have shown was no opinion upon the question here involved, and with this out of the way, that learned court concedes its ruling to be adverse to other opinions of this court.

But reverting to the rulings of this court prior to Stanton's case, supra, we find that ELLISON, P. J., in Mattocks v. Van Asmus, 180 Mo. App. 1. c. 406-7, has fairly and ably outlined the rulings of this court. He says:

"There was a summons served by the sheriff, not on the defendant in person, but by delivering a copy of the writ and petition attached, at the usual place of abode of defendant with a member of his family over the age of fifteen years. Defendant contends this was not personal service. Section 2101 does not require that the summons shall be served on the defendant in his proper person, but he must 'have been summoned as required by this chapter' (Chapter 21) and one of the modes of service required by that chapter (Sec. 1760) is that we have just stated was had upon defendant. It is true this is a substituted service for actual service on the person (Feurt v. Caster, 174 Mo. 289; Rosenberger v. Gibson, 165 Mo. 16), yet it is personal service as distinguished from an order of publication. [Fraternal Bankers v. Wire, 150 Mo. App. 89.] It is a service which when made by the sheriff, is undisputable and binding upon the defendant in the writ. [Smoot v. Judd, 184 Mo. 508; Ellis v. Nuckols, 237 Mo. 290, 294.] Therefore as defendant

was summoned there is no relief for him under either of
Sections 2101 or 2104. [Campbell v. Garton, 45 Mo. 343;
Ramsey v. Baker, 35 Mo. App. 217; Hyatt v. Wolf, 22 Mo.
App. 191; Fraternal Bankers v. Wire, 150 Mo. App. 89.]''

Judge ELLISON cites the Campbell v. Garton case as
being in the 45th Missouri Report. It is in fact in 29 Mo.
343. In that case, 29 Mo. l. c. 344, it is said: ''This was
not a case for the proceeding by a petition for review,
and the plaintiff in error misconceived his remedy in
resorting to it. A petition for review is the appropriate
remedy where an interlocutory judgment shall be made
and a final judgment is entered thereon against any de-
fendant *who shall not have been summoned as required
by this act,* or who shall not have appeared to the suit,
or have been made a party as the representative of one
who shall have been summoned or appeared. [R. S. 1855,
p. 1280, art. 12, sec. 13.] The record shows that the plain-
tiff in error, defendant in the ejectment suit, was duly
summoned as required by law; and it also shows that he
appeared to the action. *But having been summoned was
sufficient;* and having failed to answer, his proper course
was by motion to set aside the interlocutory judgment.''
The italics are ours.

The ruling is that if the defendant has been sum-
moned ''as required by this act'' then no petition for
review will lie. One of the methods of bringing a de-
fendant into court was by leaving the summons at his
usual place of abode, with some member of his family
over the age of fifteen years. The return in this case
shows such a service. It is true that some of the cases
cited by Judge ELLISON as Feurt v. Caster, 174 Mo. 289,
and Rosenberger v. Gibson, 165 Mo. 16, hold that the
service is bad when it fails to recite that the copy of the
process was left at the usual place of abode of the defend-
ant. But the purport of these cases is, that delivery of
summons at the usual place of abode of the defendant
to a member of his family over fifteen years of age is as
good as if the same had been delivered to the defendant
in person. It is a method of service duly prescribed by
law, and when the statute is literally followed, it is as

good as personal service. He cites also Smoot v. Judd, 184 Mo. 508. That case had a checkered career. Its appellate history began in 161 Mo. 673. Upon motion for rehearing the original opinion was modified, so as to permit, upon a proper showing, an amendment of a sheriff's return. Smoot and his wife had originally been sued upon a note. The sheriff made return that both had been personally served, when in fact he had delivered the copy of summons and petition to Mr. Smoot, and his wife being sick in another room of their place of abode, he left a copy of the summons for her with the husband. Judgment upon the note was had upon this false return, and later an equitable action was brought. [161 Mo. 673.] Upon a reversal of the judgment in the equity suit, which judgment, *nisi,* had been against Mrs. Smoot, the writer (then on the circuit) was called in as a special judge to hear the motion to allow the sheriff to amend his return in the old suit upon the note, and we allowed the amendment, so as to show a delivery of the summons for Mrs. Smoot at her usual place of abode, to Mr. Smoot, a member of her family over fifteen years of age. This was appealed by Mrs. Smoot to the Kansas City Court of Appeals, but our judgment, *nisi,* was affirmed. [Judd v. Smoot, 93 Mo. App. 291.] We were then called in to try the equity case (after the return had been amended, and after it had been in this court in 161 Mo., supra) and upon that hearing, among other things we ruled that the amended return in the suit upon the note authorized a personal judgment against Mrs. Smoot, and this judgment, which included that question, as well as others, was affirmed by the court. [Smoot v. Judd, 184 Mo. 508.] Under our case law, it now being conceded that Fortunato Marsala was the person meant when the name Joseph Marsala was used, the return shows a statutory service upon Fortunato, and his petition for review was properly denied by the circuit court. It also follows that the opinion of our learned brothers of the Kansas City Court of Appeals is in conflict with our rulings, and such opinion and the judgment based thereon should be quashed. It is so ordered. All concur.