JOHN J. WHITE, APPELLANT v. THE HAL-JOHN REALTY & INVESTMENT COMPANY, A CORPORATION, RESPONDENT.—43 S. W. (2d) 855.

St. Louis Court of Appeals. Opinion filed December 8, 1931.

*Frank X. Hiemenz* for appellant.

*Jones, Hocker, Sullivan & Angert* and *Ralph T. Finley* for respondent.

SUTTON, C.—This is an action in equity to set aside a judgment and enjoin its execution. Upon the trial the court gave judgment dismissing plaintiff's bill. From this judgment plaintiff has brought the case here by appeal.

On March 22, 1930, respondent obtained judgment by default against the appellant, in the circuit court of St. Louis County, for $3,850, in an action for damages for the breach of a contract whereby

the plaintiff agreed to purchase from defendant certain real estate in St. Louis County, for the sum of $60,000. A writ of summons was duly issued in said action and duly returned by the sheriff as executed "by leaving a copy of the writ and petition for John J. White, defendant herein, at his usual place of abode, with a member of his family over the age of fifteen years." The present action was brought long after the lapse of the term of court at which said judgment was rendered.

Appellant's bill charges that the writ was not served upon him or a member of his family over the age of fifteen years, at his usual place of abode; that he had no information whatsoever of the filing of the suit, or the issuance of the writ, and did not learn of the institution of the suit, until long after the rendition of the judgment, and that the return of the sheriff is false and untrue. The bill also alleges that appellant has a meritorious defense to said suit; that he had no opportunity to defend against said suit because he was not served with process, and had no knowledge of the pendency of said action, and prays to have the judgment set aside and the execution thereof enjoined, to the end that he may be permitted to plead to said suit and a prompt hearing may be had therein.

The return on the writ appears to have been made by Martin J. Walsh as deputy sheriff. He testified, on behalf of appellant, over respondent's objection, that, though he made the return, he did not personally execute the writ; that he did not know of his own knowledge, who executed the writ; that he knew only from the hand writing of deputy Goereke; that a memorandum on the writ in Goereke's handwriting showed that he executed the writ on October 4, 1929, by leaving a copy of the writ and petition; that this was the customary way of making returns, and that he made this return in the usual course of his duties as deputy; that Goereke died on April 25, 1930, being killed while on duty, before this suit was commenced.

Appellant testified, over the objection of respondent, that he had lived at 7125 Delmar Boulevard three years; that he and his wife composed his family; that none of their relatives lived with them; that he did not hear of respondent's suit against him until he received a letter from appellant's attorneys, May 8, 1930, claiming that they had judgment against him; that he received a letter from these attorneys sometime before the filing of the suit, telling him that they were going to file a suit, and wished him to come down and see whether or not he would settle.

Appellant's wife testified, on his behalf, over the objection of respondent, that she and her husband lived at 7125 Delmar Boulevard, and had lived there three years; that no one else lived with them; that no summons was ever left with her in respondent's case against her husband, and that she never heard about the suit.

John D. McCarthy testified, on behalf of respondent, that he was respondent's secretary; that when he found out that the appellant refused to go on with the deal for the purchase of the real estate, he employed attorneys; that the attorneys wrote to appellant that suit would be brought unless settlement was made; that after the suit was brought appellant came to his office and said he wanted to go South for a month, and wanted to know when the suit was coming up; that he wanted to dispose of the suit before he left; that he telephoned his attorneys his conversation with appellant when appellant left his office; that he first heard of appellant's claim that he had not been served by the sheriff when this injunction suit to stop the judgment was brought.

Ralph T. Finley, one of respondent's attorneys, testified that, on January 27, 1930, immediately after Mr. McCarthy called him up and told him about his conversation with appellant, he wrote appellant a letter, addressed to him at 7125 Delmar Boulevard (a carbon copy of which was put in evidence), informing him that he expected to take judgment on February 24th, but was willing to make a reasonable settlement if appellant desired to settle, and asking to hear from him at once; that the envelope in which the letter was mailed had a printed return card on it; that the letter never came back; that he expected appellant to come in and settle before February 24th, but he did not; that he did not appear for trial, and he concluded that he did not want to defend.

The testimony of Mr. McCarthy and Mr. Finley was corroborated by other witnesses. Appellant denied that he ever had the conversation testified to by Mr. McCarthy; he also denied having received the letter written by Mr. Finley.

Appellant's evidence herein tends to show that he has a meritorious defense to respondent's action, and respondent's evidence tends to show the contrary.

It is neither charged, nor shown in evidence, that the respondent was guilty of any fraudulent conduct, or that he had any knowledge of the falsity of the return, if in fact it was false, prior to the rendition of the judgment, nor afterwards until the present action was commenced.

Upon this record appellant asks a reversal of the judgment dismissing its bill herein.

It is the settled rule, at least so far as this state is concerned, that a sheriff's return, regular on its face, and showing the fact and mode of service, is conclusive upon the parties to the suit, both in the same case and in equity, except where the plaintiff has aided, abetted or knowingly taken advantage of the false return, and that the truth of the return can be controverted only in an action against the sheriff for a false return. [Ellis v. Nuckols. 237 Mo. 290, 140 S. W. 867; Smoot v. Judd, 184 Mo. 508, 83 S. W. 481; Newcomb v. New York Central & Hudson R. Co., 182 Mo. 687, 81 S. W. 1069; State ex rel. Fabrico v. Trimble, 309 Mo. 415, 274 S. W. 712.

The rule, as stated in the decisions, appears to be absolute, and without qualification or exception; but if there may be a case presenting facts which would warrant a relaxation of the rule the evidence would have to be cogent and convincing, excluding all reasonable doubt. Clearly this is not such a case.

Appellant relies solely on the case of Cherry v. Wertheim, 25 S. W. (2d) 118, recently decided by this court. That case is clearly distinguishable on its facts from the present case. In that case, the plaintiff alleged, and the evidence showed, that the sheriff's return was true, and that his wife was actually served with a copy of the writ and petition as recited in the return. The cause of action was based upon the accident, inadvertence, or mischance, by which, on account of preparations for a funeral, the wife did not learn what the papers delivered to her were about at the time, and never at any time, delivered them to her husband, nor informed him that she had received the papers. She did not know the person delivering the papers to her, and did not know he was an officer, but supposed that the papers were merely advertising matter delivered by some business firm in the city. So that, by reason of such accident, inadvertence, or mischance, her husband, against whom the suit was brought, never received or had any information concerning the delivery of the papers. Nor was it shown that he ever had any information of the pendency of the suit, or any reason, at any time, to suspect that a suit had been, or would be brought against him. He charged and proved that the summons was served on his wife, just in accordance with the sheriff's return, but that, notwithstanding such service, he was by accident, inadvertence or mischance, prevented from making defense to the suit, so that judgment by default was taken against him. For this, he was utterly without any remedy against the sheriff. He could not maintain an action on the sheriff's bond for a false return, for he alleged and proved that the return was true in all respects. In the present case, appellant bases his action, as he must, solely upon the falsity of the sheriff's return. He alleges, and his evidence tends to prove, that the return is false. Concededly, if the return is true he has no excuse for failing to appear and defend the suit against him. To maintain this action, he must controvert the truth of the return, but this, under the decisions, he may not do. For the purpose of this action the return must be regarded as true. If in fact the return is false, then for whatever injury or damage he has or may suffer by virtue of the judgment based on such return, he has an ample remedy in an action at law on the sheriff's bond for a false return.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.